The State ex rel. v. Co. Com'rs Sumter County—Opinion of Court.

York leaving real property in Florida, and without children, his widow is his sole heir at law.

The decree overruling the demurrer to the bill is therefore affirmed.

THE STATE EX REL. JOHN H. MARTIN, PLAINTIFF, VS. THE COUNTY COMMISSIONERS OF SUMTER COUNTY, RESPONDENTS.

1. Registration of voters can only be made in the manner and at the time prescribed by the act of 1877, chapter 3021, to wit: between the first Monday of October and a period ten days before the holding of a general election in the same year, at which time the registration books are required to be closed. Registration at any other time or in any other manner is not a legal registration.

2. The pendency of another proceeding by mandamus may be pleaded in abatement, where the parties and the matter are the same, the practice being assimilated to that in other civil suits.

Appeal from the Circuit Court for Sumter county.

The facts of the case are stated in the opinion. ·

S. D. McConnell and John A. Henderson for Relator.

W. A. Hocker for Respondents.

THE CHIEF-JUSTICE delivered the opinion of the court.

Relator's alternative writ says he presented to the Board of County Commissioners in June, 1884, his application in due form of law for a permit to sell intoxicating liquors in District No. 3, county of Sumter, that his petition was signed by a majority of the registered voters of the District, and the Board has refused to give him the permit.

Respondents return that the application was made to the Board in March, 1884, and not in June. That at the March

meeting they refused to grant the permit, because relator had not obtained a majority of the duly registered voters of the District to sign his petition, for that at the close of the last period, in October, 1883, appointed by law for the registration of voters, the number of voters duly registered was 124, that since that time there have been illegally added to the registration the names of 67 persons, of which 67 names 41 appear upon relator's petition for a license, and it is submitted that, therefore, the names of a majority of the registered voters of the district do not appear upon the petition.

Respondents further return that immediately after the refusal of the Board, in March last, to grant the permit, relator obtained from Judge King, Circuit Judge, an alternative writ of mandamus, basing the same upon the same petition for a permit and the refusal of the Board to grant it, which alternative writ commanded the Board to grant the permit or show cause. That this Board did make return of cause, to wit: on the third Monday in March, which cause was as is herein above set forth. That thereupon relator demurred to said return, and the court overruled the demurrer, and said cause is still pending and undetermined in said Circuit Court.

Relator replies that he made his application for license in June, at the regular meeting of the Board, and the respondents refused the same.

And relator demurs to the residue of the return.

The principal question brought up by the demurrer is, whether any entry of names on the registration lists kept by the Clerk of the Circuit Court, at any other time than that specially appointed by the act of 1877, chapter 3021, sections 1 and 2, to wit: between the first Monday in October and a day ten days previous to any general election, is a legal registration; and whether, therefore, the

names added to the registration list for District No. 3, in Sumter county, at any other time or in any other manner than as is provided in the said act, are registered voters.

The answer to the question is in the negative.

As to the pendency of another like proceeding based upon the same petition for a license, in another court having jurisdiction to grant the relief herein prayed, the rule in other civil actions is applicable. High's Ex. Rem., §21. The return in this respect sets up matter in abatement of this suit. Two courts having equal jurisdiction ought not to be made use of at the same time to adjudicate the same matter for the same purposes.

The demurrer is overruled with leave to plead over.