· JUNE TERM, 1886. 437

Gooding, City Clerk of Orlando, v. N. H. Brown—Opinion of Court.

C. F. GOODING, CITY CLERK OF ORLANDO, APPELLANT, VS. N. H. BROWN, APPELLEE.

Registration in the County Registration Books has, since the enactment of chapter 3021, Laws of Florida, A. D. 1877, (secs. 19 and 20, p. 490, McC.'s Dig.,) been unnecessary to entitle an elector of a city or town, who is duly registered in the Municipal Registration Books, to vote at a municipal election. Registration in accordance with municipal regulations is sufficient for such purpose.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Beggs & Palmer* for Appellant.

*Johnson & Hammond* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee applied during the present month, July,

438 SUPREME COURT.

Gooding, City Clerk of Orlando, v. N. H. Brown—Opinion of Court.

1886, to the City Clerk of Orlando for registration as an elector of said city. He became a resident of the city on December 22d, 1884, and has resided in the city, and in Orange county, where it is located, continuously since, having his domicile, home and place of permanent abode there. The City Clerk refused to register him because his name was not on the county registration book. The petition, which has been treated as an alternative writ, shows also that by a city ordinance approved July 12, 1884, it is ordained that "no person shall be entitled to vote at any annual election held for the officers of the city of Orlando unless such person shall have registered with the City Clerk at least ten days prior to such annual election," and further, that the "clerk shall open the books at least thirty days before any annual election, and shall keep the same open until ten days previous to such election." The petition also represents that there will be held in said city, on the 31st day of July, A. D. 1886, an annual election of city officers for the ensuing year, and as to issuing city bonds for the purpose of constructing public school buildings; and that the clerk refused on such application to register the appellee. The answer of appellant states that he refused to register appellee because he had not registered with the Clerk of the Circuit Court of Orange county, and on account of his refusal to swear or affirm that he was duly registered as required by the constitution and laws of Florida. It admits that the appellee possesses all the qualifications of a voter, except that he has not registered with the clerk of the Circuit Court of the county.

Section 8 of the act providing for the incorporation of cities and towns, approved February 4, 1869, provides that "no person shall be a qualified elector at any municipal election in this State who shall not have attained the age of twenty-one years, shall not have resided within the

State twelve months and within the corporate limits of the town or city six months immediately preceding the said election, and who shall not have duly registered as required by the constitution and laws of this State, and by this act, (the word *section* is improperly substituted for the word act in McClellan's Digest, sec. 13, p. 248,) and section 9 gives power to the town council to establish rules and regulations for the annual registration of voters at the annual election of officers.

When the above statute was enacted there was in force a statute (§§7 and 8, chapter 1625, approved August 6, 1868,) under which the Clerk of the Circuit Court could at any time, save the six days preceding any election, register persons having the qualifications of State and county electors in the county registration books. In 1877 these sections were repealed, and there was enacted in their place section 2 of chapter 3021, (secs. 19 and 20, p. 490, McClellan's Digest,) which was construed by this court in the case of The State *ex rel.* vs. County Commissioners of Sumter county, 20 Fla., 859, to provide that such registration can only be made between the first Monday of October and a period ten days before the holding of a general election in the same year, and that registration at any other time, or in any other manner, is not legal.

The question argued at the bar, is the constitutionality of the above act of 1869, in so far as it requires registration in the county books as a condition precedent to voting at a municipal election. Section 6 of Art. 14, of the State Constitution, provides that " the Legislature, at its first session after the ratification of this Constitution, shall, by law, provide for the registration by the Clerk of the Circuit Court in each county of all the qualified voters in such county, and for the returns of elections, and shall also provide that after the completion, from time to time, of such

registration, no person not duly registered according to law shall be allowed to vote." The qualifications as to age and residence prescribed by section 1 of the above article are 21 years as to the former, and 12 months in the State and six months in the county as to the latter.

The purpose of a registration law is the ascertainment of who are the persons qualified to vote, and the registration lists are the legal and authorized evidence of what persons are entitled to vote. Where legislation does give reasonable opportunity to register, registration is as much a pre-requisite to voting as anything else is. Closing the books a short period before the day of election is not objectionable, particularly where those who will be of age on election day are allowed to register before the books are closed. A registration law which, however, does not give to those persons who may, at an approaching election, have the requisite age and residence to entitle them to vote, an opportunity to register, cannot be held to affect their right to vote. The act of 1877 has made no such provision for registration as to municipal elections held subsequent to a *general* election in the county where the municipality is located, and there is nothing in the act of 1877 which indicates that the provisions of the municipal act of 1869, as to registration in the county, were in the contemplation of the framers of the former statute. The result of all this is, that the law governing registration in the County Clerk's books does not give to appellee the opportunity to comply with the requirement of section 8 of the act of 1869 as to registration in such books. He has all the qualifications of age and residence necessary to entitle him to vote, and if he is not permitted to do it, it is the fault of the law, and not of himself. He became a resident of Orlando after the last general election held in Orange county, under the act of 1877, took place. We take judicial notice that such elec-

tion was held in November, 1884. When the registration for the Constitutional Convention of 1885 took place in April of that year, under the special act of 1885, he was not entitled to register in the county books because he had not been in the county six months. It had been, when he applied for registration, nineteen months since registration, under the act of 1877, and fifteen months since registration under the special act of 1885 was legally possible. Though he has been a citizen of the State, county and city eighteen months, he has had and, under the act regulating county registration, can have no opportunity to register in the county books. The consequence is that as to the municipal election at which he desires to vote, there is no law affording him an opportunity to register in the county books, and the requirement of the municipal act of 1869, as to registration in the county books for this election, is one which the laws of the State now offer persons situated like the appellee no means of complying with, and it must be held as inoperative. The Legislature cannot do indirectly what it cannot do directly. Indirectly in form, yet clearly in fact, the requirement of the act of 1869 would, under the provisions of the act of 1877, be, that to vote at the election to be held in Orlando the relator must have been a citizen of Orange county six months before the election day in November, 1884, or six months before the election day, in the spring of 1885, for a Constitutional Convention.

The requirement of section 8, act of 1869, as to registration in the county books is one prescribing the evidence of a voter's qualifications. We do not mean to say that as the registration law of 1868 stood when the law of 1869 was passed that such requirement was unconstitutional, but as the act of 1877 abrogates the then existing provisions of the act of 1868, and gives no reasonable opportunity to the ap-

pellee to register, we think the provision of the act of 1869 in question has been rendered inoperative, and that registration in the municipal books which is authorized by statute (sec. 9 of the municipal act) and the city ordinance, is a sufficient registration or evidence of his legal qualifications as a voter to entitle him to vote at the municipal election. Cooley's Const. Lims., pp. 601, 604; Capen vs. Foster, 23 Am. Decisions, 632, and notes; People vs. Canady, 73 N. C., 198; Page vs. Allen, 58 Penn. St., 388.

Judgment is affirmed.