C. A. STEARNS, APPELLANT, VS. E. K. JAUDON, APPELLEE.

1. The second section of the act of June 3. 1887, (Chapter 3747 statutes,) for the protection of mechanics and others, gives a lien for labor in "construction, repairing or operating" a mill, and the affidavit in the attachment proceeding authorized by the act should show in substance that the labor for which the lien is claimed was performed in constructing or repairing the mill, or something which is, within the meaning of the statute, a part of the mill, or in the operation of it. Stating that the labor was performed "in and about the mill, and the machinery. fixtures. houses." *etc.*, is not sufficient.

2. The statement of a fact in a motion as one of its grounds will not be considered by the appellate court as evidence of the existence of the fact when the motion has been denied by the lower court.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*J. Hugh Murphy* for Appellant.

No appearance for Appellee.

RANEY, C. J.:

The act of June 3, 1887, (Chapter 3747 of our statutes) for the protection of mechanics, artisans, laborers and material men, provides by its first section that mechanics, laborers and all other persons who

shall perform any labor upon or in the construction of any building or other work or structure, shall have a lien of superior dignity to all others upon the building work or structure upon which they may have worked in the construction or repair thereof, and also on the interest of the owner in the lot or land upon which such work, building or structure stands, to the extent of the value of any labor done by them, whether such labor was performed in the direct employment of the owner of the property or his agent, or of a contractor or subcontractor: provided, that such lien shall be filed in the office of the clerk of the Circuit Court within six months after demand made by the party having the lien under this act for payment to him of what is due at the time of such demand.

It also provides, in the second section, that any person or persons who shall perform any labor upon or for the benefit of any mill, whether in the construction, repairing or operating thereof, shall have a lien of superior dignity upon such mill, together with the owner's, lessee's or operator's interest in the lot or land upon which it stands, together with all franchises, machinery and equipments to the extent of the value of any labor performed thereon or therefor, whether such labor was performed for the owner or his agents or for a contractor or subcontractor, or a lessee or operator: *Provided*, That said lien shall only apply to the interest of the lessee or operator of

saw mills, unless the lessor, by virtue of a lease, becomes part owner in the lumber and other material manufactured; *Provided further*, That the land or wharf upon which any mill, distillery or other manufactory is situated, and which is held under lease, shall not be subjected to any lien other than on the leasehold interest. But in all cases the lien shall exist upon the subject matter upon which the labor is performed.

The eighteenth section of the statute enacts that the liens given by this act may be enforced by any mechanic, laborer or material man, or other person or persons to whom money may be due for labor performed or his agent or attorney making affidavit that there is due and unpaid such person for work done, specifying when and where the labor was done, and if such lien be such as to attach to any lot or lands, describing the lot or lands; also that demand of payment has been made and payment refused, and that such affidavit is made in good faith and not through malice or vexation. Upon filing such affidavit and giving bond the writ is to issue.

The affidavit of the plaintiff, Stearns, made May 22, 1888, states: That defendant, Jaudon, "is indebted to him in the sum of five hundred and fifteen 9-100 dollars for work and labor peformed in and about the saw mill of said E. K. Jaudon and the machinery of said mill, fixtures, houses and buildings, lumber yard, and

lumber on and about the same, carts and logs, all belonging to said E. K. Jaudon, situated at Waco, Orange county, Florida, and commonly known as the Griffin Mill, and located on," describing the half of a quarter section of land. It also states that on the 23rd day of the preceding month of April he filed his lien and the same was recorded in the office of the clerk of the Circuit Court of Orange county, and that said sum "is now due, and that the said work and labor performed for which said work is due, was completed within sixty days of the filing of said lien and of the making of this affidavit, and that the demand of said sum was made upon the said E. K. Jaudon within said time, and that said E. K. Jaudon failed and refused to pay the same or any part thereof, and that this affidavit is not made through malice or vexation."

The defendant moved to dissolve the attachment upon the grounds: First, that the affidavit is insufficient in that it does not allege any cause for issuing the writ.

This means any sufficient cause, and the position we think was well taken. The lien given by the first section is for work done in the construction or repair of the building, or other work or structure, and that given by the second is for labor in "constructing, repairing or operating" a mill. The affidavit does not state that the labor or any part of it was performed in

constructing or repairing the mill, or anything that may within the meaning of the statute be a part of it, nor in the operation of it.   Whether the "work and labor" which plaintiff swears he performed "in and about the" saw mill, fixtures, houses and buildings, lumber yard and lumber on and about the same, and the carts and logs, was performed in constructing the mill or any parts of it, or in repairing the same, or in the operation of the mill, we are not informed by the affidavit to which, under the statute, we must look to see if plaintiff has made a case within its provisions. Some of the work may have been in constructing, some in repairing, and some in the operation of the mill, or all of it in one or in two of the three kinds of work, yet the affidavit does not tell us that any of it was done of either kind.

Following the general rules for discovering the intention of the law-makers, it is plain that the meaning of the statute is as indicated.   Courts cannot extend the lien beyond that for which the statute has granted it, and whoever claims it must show by his affidavit facts which bring him substantially within the statute. His allegations must present a case which if true give him a lien, and if proved, entitle him to judgment; and he cannot expect the courts to proceed upon an affidavit that falls short of this test.   Phillips on Mechanic's Lien, secs. 14, 16.   It was not the purpose of the eighteenth section of the statute *supra* to prescribe

a sufficient formula of allegation as to the work or labor, but its meaning was that the affidavit should show that the work or labor was such as entitled the plaintiff to a lien under at least some one of the numerous and varying provisions of the statute giving liens. In holding this affidavit insufficient we do not invoke any strict rule.

If the act of February 16th, 1885, (Chapter 3611 of the statute) the first and fifth sections of which appellant's counsel seem to invoke is in force, it is clear that the affidavit is insufficient as it does not show that the labor was for the "construction or repair of any building," or "upon or with any machinery, apparatus, fixtures or other thing" upon which a lien is claimed.

Other objections to the affidavit need not be noticed.

The granting of the motion to dissolve was objected to on the ground that the writ of attachment had not been returned by the Sheriff, and that there was no evidence before the court that the writ had been served. The return of the Sheriff on the writ, as it appears in the transcript, represents that the levy was made the day before the motion was entered, and such return purports to have been endorsed on the day of the levy. There is no file mark on the writ. The objection of the plaintiff is not, in view of the action of the Judge, any evidence either that the writ had not been actually returned to the clerk's office, or was not before the Judge when the motion was heard, or that

there was not before him other proper evidence, if, such exist, of the levy having been made. The presumption, in the absence of evidence in support of the objection, is that the grounds of the objections were mistaken as matters of fact, and that for this reason the Judge overruled it. McNealy and Roulhac vs. State, 17 Fla., 198; Livingston vs. L'Engle, 22 Fla., 427.

The judgment dissolving the attachment is affirmed.