JUDSON LUMBER CORPORATION, A CORPORATION, *et al.*, *Appellants*, v. W. B. PATTERSON, *et al.*, *Appellees*.

Opinion Filed October 29, 1914.

Rehearing Denied Dec. 1, 1914.

1. A decree is final in the sense of the rule, which finally adjudicates upon all the merits of the controversy, and leaves nothing further to be done, but the execution of it.

2. When the decree decides the right to the property in contest and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, although the bill is retained for the purpose of adjusting, by further decree. the accounts between the parties or some of them.

3. When a final decree has been rendered in a cause, an appeal from an order rendered subsequently to such decree does not bring the final decree before the court for review, and only such assignments of error will be considered as relate to and are based upon such subsequent order, and when such assignments cannot be intelligently passed upon without reviewing the final decree, the subsequent order appealed from will be affirmed.

Appeal from Circuit Court for Leon County; John W. Malone, Judge.

Decree affirmed.

*T. L. Clarke, A. B. & C. C. Small* and *McCord & Johnston,* for Appellants;

*F. T. Myers* and *Jos. A. Edmondson,* for Appellees.

SHACKLEFORD, C. J.—Judson Lumber Corporation, a corporation, and R. J. & B. F. Camp Lumber Company, a corporation, filed their bill in chancery against A. E. Silverthorne and others for the foreclosure of a mortgage upon certain described realty and personalty executed by A. E. Silverthorne and wife to appellants. Quite a number of parties were made defendants to the original bill and still other parties were made defendants by leave of the court. A large number of pleadings were filed, including answers, cross-bills and replications, and various and sundry interlocutory orders were made, which proceedings we deem it unnecessary to set forth or particularize. A large amount of testimony was taken by several special masters upon the respective issues made by the pleadings. All the proceedings are incorporated in the transcript of the record, which covers over 600 typewritten pages. On the 3rd day of October, 1913, a decree was rendered, settling the priorities of the liens claimed by the different parties, fixing the respective amounts thereof and ordering payments of the same, the particulars of which we do not deem necessary to set forth. No appeal was taken from this decree. On the 9th day of October, 1913, a supplemental order was made, passing upon and settling certain exceptions to the report of B. F. Camp, Jr., receiver, which had been filed thereto by W. B. Patterson and others, cross-complainants, and such receiver ordered to make a supplemental report, which report was filed on the 23rd day of October, 1913. On the 19th day of December, 1913, a further order was rendered, which, omitting the formal parts, is as follows:

"This cause coming on to be further heard upon motion of the attorneys for the cross-complaints for the set-

tling of the objections to the Receiver's Report, and supplemental report filed herein, and for an order directing the Receiver to disburse the funds in his hands, in accordance with a decree of 'this court made herein on the 3rd day of October, A. D. 1913, counsel for the respective parties being present.

It is thereupon considered, ordered, adjudged and decreed that the first, second and fourth exceptions of. W. B. Patterson and Henry L. Mattair *et al.,* cross-complainants in the above cause, to the report of the receiver are hereby allowed absolutely; and that the third exception of said cross-complaints and the third exception of S. D. Lawhon *et al.,* cross-complainants, be and the same are hereby disallowed.

It is further ordered, adjudged and decreed that the Receiver in said cause, R. J. Camp, Jr., be and he is ordered forthwith to pay over to the respective attorneys of record for the first, second and third groups of cross-complainants set forth in the decrees hereinbefore entered in this cause on the 3rd day of October, A. D. 1913, the amounts set opposite the respective names of said cross-complainants in said decree, together with attorney's fees of $504.69 for the attorneys for cross-complainants mentioned in the first group, and $215.15 attorneys fees for the attorneys of cross-complainants mentioned in the third group, such payments to be made from the proceeds of the sale of lumber and logs in the hands of the Receiver upon which said cross-complainants were hereinbefore decreed to have a first lien, the receipts of the said attorneys of record in said cause for the amounts so paid to them shall be the full acquittance of said Receiver for such payments.

It is further ordered, adjudged and decreed that the

bill of R. H. Porter for $20.00, the bill of John L. Neely, for $100.00 and the bill of B. A. Meginniss for $22.00, as Special Masters in the above cause, and the bill of C. H. Melton for $50.00, as stenographer to John L. Neely, Special Master for            be and the same are hereby allowed; that the sum of $2,000.00 be and the same is hereby allowed to R. J. Camp, Jr., the Receiver in said cause, for his services as such Receiver, that the sum of $500.00 be and the same is hereby allowed for the attorneys for such Receiver for their services, that the costs of the Clerk and the Sheriffs of said court to be taxed by the said Clerk are hereby allowed, and the Receiver is hereby ordered forthwith to pay all such fees and costs to the respective parties, taking their receipts therefor, which shall be the full acquittance of said Receiver for said payments.

It is further ordered, adjudged and decreed that after the payment of all sums hereinbefore allowed and decreed to be paid, that the Receiver be and he is hereby ordered forthwith to pay to the attorneys for .W. B. Patterson, trading as W. B. Patterson Lumber Company, cross-complainants, the balance of all proceeds in his hands derived from the sale of all lumber and logs made by him as Receiver herein.

Done, ordered, adjudged and decreed at Quincy, Florida, in Chambers, this 19th day of December, A. D. 1913.

John W. Malone, Circuit Judge."

From this order an appeal was entered by the complainants and the different parties who were defendants and cross-complainants were made appellees. In such entry of appeal it is recited that the "complaints in the original bill do hereby enter their appeal from the final decree rendered in this cause by Honorable John W. Malone,

Judge of said Court, in Chambers, at Quincy, Florida, on December 19th, A. D. 1913, to the Supreme Court of the State of Florida."

Nine errors are assigned. Right at the threshold of our consideration of these assignments, it is contended by W. B. Patterson, who is the only appellee who has appeared here, that the order or decree dated the 19th day of December, 1913, from which decree alone the appeal was entered, is not a final decree, but only a supplemental decree or order to the decree rendered on the 3rd day of October, 1913, which was the final decree rendered in such cause. If this contention is correct, then we cannot consider the assignments which relate to or are based upon such decree, dated the 3rd day of October, 1913, but only such of the assignments as are based upon the order, dated the 19th day of December, 1913. We have several times had occasion to consider what constituted a final decree and have announced certain principles which would aid in determining the question. See Bellamy v. Bellamy, 4 Fla. 242, text 254; Griffin v. Orman, 9 Fla. 22, text 46; Whitaker v. Sparkman, 30 Fla. 347, 11 South. Rep. 542; State v. White, 40 Fla. 297, 24 South. Rep. 160; Camp Phosphate Co. v. Anderson, 48 Fla. 226, text 236, 37 South. Rep. 722, text 726, 111 Amer. St. Rep. 77. Upon a careful examination of the decree rendered on the 3rd day of October, 1913, in the light of the principles enunciated in the cases just cited, we are of the opinion that such decree must be held to be a final decree. This being true, it follows that the order or decree rendered on the 19th day of December, 1913, must be held to be a supplemental order or decree, and the only assignments properly before us for consideration are those which are based upon this supplemental order. In considering such assignments, we find that even they cannot be intelligently

passed upon without reviewing the final decree and the order rendered subsequently thereto, bearing date the 9th day of October, 1913, and, as we have already said, no apeal was entered either from the final decree or such order. In fine, we must hold that no reversible errors have been made to appear to us, therefore the decree or order appealed from must be affirmed.

TAYLOR, HOCKER AND WHITFIELD, J, J., concur;.

COCKRELL, J., absent by reason of illness in his family.