E. J. GASQUE, *Appellant,* v. ANNIE BALL, *et al., Appellees.*

Opinion filed March 1, 1916.

1. The mere filing and presentation of a petition for a rehearing in a cause in chancery does not operate to lengthen the time

within which an appeal may be taken from the final decree, beyond that prescribed by Section 1904 of the General Statutes of Florida.

2.   Under Rule 87 Equity Actions a final decree in chancery may be recorded immediately upon its being signed by the Chancellor and the formality of entry is completed when it is recorded in the minutes of the court. No formal enrollment of it is required.

3.   An appeal from an order denying a petition for a rehearing where no appeal was taken from the final decree within the time prescribed by the statute for taking appeals in chancery does not bring before the court for review the final decree, and where the order denying the petition for a rehearing cannot be considered without reviewing the final decree in such a case the order will be affirmed.

*Cockrell, J.,* dissents.

Appeal from Circuit Court, Pasco Conuty; F. M. Robles, Judge.

Order affirmed.

*J. A. Hendley* and *J. F. Glen,* for Appellant;

*Annie Ball,* in *pro per.,* for Appellees.

ELLIS, J.—Annie Ball and others exhibited their bill in chancery in the Circuit Court for Pasco County against E. J. Gasque to remove a cloud upon the title to eighty acres of land alleged to be owned by the complainants, for an injunction to restrain the defendant, his agents and employees, from trespassing upon the lands and from going thereon and turpentining the timber and from cut-

ting the same and from removing turpentine and rosin from the trees, and that the defendant be required to account for "all timber, turpentine, rosin and wood taken from the land" by him, and that he be required to account "for all damage done your complainant by reason of many acts of trespass committed upon said land," and that he be ordered and decreed to pay to the complainants "whatever sum shall be found to be due" upon such accounting.

There was a decree in favor of the complainants granting the relief prayed and awarding damages in the sum of eight hundred dollars. From this decree the defendant appealed to this court, with the result that the decree of the Chancellor was reversed. The court speaking through Mr. Justice WHITFIELD, said: "In this case the accounting prayed for is timber, turpentine, rosin and wood taken from the land. If this accounting and decree thereon are confined to matters that tend to ascertain the true measure of damages to the realty, the recovery of which may be regarded as an appropriate incident to a removal of cloud from title to the land, there may be no impropriety in the proceedings." See Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215.

The mandate required such further proceedings in the cause to be taken as according to right, justice, the judgment of the Supreme Court and the laws of the State of Florida ought to be had.

On the 16th day of May, 1914, the complainants filed their motion for a final decree in accordance with the directions of the Supreme Court in the said cause. The said motion set up the trial of the cause, the rendering of the final decree and its reversal by the Supreme Court, and "that the only testimony taken in said cause at the trial before this Honorable Court was the testimony of

Annie Ball (see page 32 of the record) in which the witness made the statement that the land, before the trespass, was worth $10.00 per acre, and it had since depreciated over one-half, fixing the damage at $5.00 per acre, and that there was no other testimony adduced at said hearing contradicting such testimony."

On the same day the court rendered its final decree, which, among other things, provided that the complainants "do have and recover of and from E. J. Gasque, the defendant, the sum of Four Hundred Dollars ($400.00) as damages sustained by the said owners by reason of the trespass of the said defendant upon the lands of the said owners as above described."

On the 27th day of May, 1914, the defendant E. J. Gasque filed his petition for a rehearing. The record does not show that the defendant had any notice of the complainants' motion for the entry of a final decree, or that he had any opportunity to be heard upon such motion. The petition for rehearing expressly states that he had no such notice or opportunity to be heard, and that the testimony did not justify such decree. The petition was sworn to before the Circuit Judge by one of the solicitors for the defendant on the day before it was filed, namely, May 26th, 1914, on which day the Court made an order that the petition "shall operate as a supersedeas and stay all proceedings thereon for thirty days from the date hereof as provided by Section 1904 of the General Statutes of Florida."

Ten months and three days after the filing of the petition for rehearing the court made the following order: "Upon the application of the defendant next Monday, April 5th, 1915, is fixed for hearing the foregoing petition, and in the meantime execution is stayed. Ordered,

adjudged and decreed at Chambers this 30th day of March, 1915."

On April 3rd, 1915, the court made an order denying the petition, which order recited that the defendant had given notice of an appeal to the Supreme Court, and further ordered that "said appeal shall operate as a supersedeas upon defendant making and filing a bond with sufficient sureties," etc.

No reason appears why the hearing was had and the order made on April 3, 1915, instead of the 5th day of the month as fixed by the order dated March 30th.

The record contains the following entry: "On the 9th day of April, A. D. 1915, the following final decree was filed:

*In the Circuit Court of the Sixth Judicial Circuit of the State of Florida. In and for Pasco County. In Chancery.*

Annie Ball et al.

v.

E. J. Gasque.

The above stated cause coming on this day to be heard upon the petition of complainants in said cause for an extension of time and change of date for the hearing of the defendant's petition for rehearing, and it appearing that said date was fixed without notice to the complainant and that complainant is necessarily obliged to be in Brooksville, Florida, on legal business on said day, and that both the legal representatives for complainant and defendant being present in court, it was considered, ordered and decreed that the said date for such a hearing be changed, and the same be heard forthwith; to said order both the legal representatives of complain-

ant and defendant consented, and thereupon the argument of both complainant and defendant being heard, and the court being fully advised, it was considered, ordered and decreed that the petition for rehearing filed on May 27th, 1914, be and the same is hereby denied; and the order of supersedeas and order staying execution made March 30th, 1915, be and the same is hereby vacated and set aside. To which defendant excepts.

Done and ordered at Chambers at Tampa, Florida, this 3rd day of April, 1915.

                              F. M. ROBLES, Judge.."

From this order an appeal was taken on the 5th day of April, 1915, more than ten months after the final decree was filed.

There was no appeal from the final decree. The order of April 9th, 1915, from which the appeal was taken was not a final .decree, although it is so named in the transcript. The record does not show when the final decree which was filed May 16, 1914, was entered. But the brief of appellee states that it was "recorded" the same day, and that statement is not denied by appellant.

The record, we think, sufficiently shows a presentation of the petition for a rehearing, which under the statute operated to stay all proceedings on the final decree for thirty days from May 26, 1914.

Section 1904 of the General Statutes of Florida is as follows: "The presentation of a petition for rehearing presented within thirty days from the time of pronouncing the decree, shall stay all proceedings thereon for thirty days from such presentation, but for no longer unless bond be given by the petitioner, with good and sufficient sureties, as in cases of appeal, conditioned for the payment of all damages and costs which may accrue by such delay, the penalty of which shall be fixed by the

judge of the court to whom said petition for rehearing may be presented. When such bond shall have been given, all proceedings shall be stayed until the petition shall have been heard and determined."

No bond was given by the defendant as required by this statute, so that proceedings on the decree were not stayed beyond June 26, 1914.

Chancery Rule 87 provides that "decrees may be signed when pronounced and may be recorded at once. Clerical mistakes in decrees or decretal errors, or errors arising from any accidental step or omission may at any time before an actual entry thereof be corrected by order of the court or judge upon petition without the form or expense of a rehearing."

Now the petition for rehearing was filed and presented within the time prescribed by the statute. This being true, the actual entry of the decree upon the minutes of the court did not preclude a rehearing. McLane v. Piaggio Bros., 24 Fla. 71, 3 South. Rep. 823. The petition for rehearing, however, was not heard until more than nine months had elapsed from June 26, 1914, and no order was made vacating or suspending the final decree save the one quoted above and made when the petition for rehearing was presented on May 26, 1914.

Section 1904 General Statutes provides for the filing and presentation of a petition for rehearing after the final decree may have been entered when under the chancery practice the period within which a party might file his petition to rehear would have been terminated. The enrollment of the decree under the Practice of the English Court of Chancery terminated the right of one to file his petition for a rehearing. The time for filing a bill of review then began. In this country the time for filing a petition for rehearing, as a general rule, is limited by

the end of the term at which the decree is entered.    10 R. C. L. p. 564. But in this State a decree may be entered or recorded in the minutes of the court as soon as pronounced and there are no terms of court for chancery proceedings, the court being always open for issuing and return of process, granting injunctions, passing interlocutory and final decrees and orders.    Chancery Rule 87; Section 1859 General Statutes.

A final decree in chancery is as conclusive as a judgment at law; both are conclusive on the rights of the parties thereby adjudicated.    After the term at which a final decree is rendered, the court rendering it has no power to annul or reverse it unless for clerical mistakes. See Sibbald v. United States, 12 Pet. (U. S.) 488; McMicken v. Perin.    18 How. (U. S.) 507; Central Trust Co. v. Grant, 135 U. S. 207, 10 Sup. Ct. Rep. 736; 2 Daniell's Chancery (6th ed.) Chap. 26, §§3, 4 and 5.

The formalities attending the entry and enrollment of a final decree under the practice of the English High Court of Chancery do not obtain in this country.    When a decree is pronounced by the Chancellor, a draft is usually prepared by the solicitor representing the party in whose favor it is pronounced, this draft is examined by the Chancellor and if found by him to be correct, he signs it, whereupon the document is delivered to the Clerk who records it in the minutes of the court; thus completing the formality of entry.    No formal enrollment of it is made or required under our practice. Owens v. Forbes, 9 Fla. 325.

Applying then the Chancery Rule as it obtained in the practice of the English High Court of Chancery, a petition for a rehearing could not be entertained after the record of the final decree in the minutes of the court,

were it not for the provisions of Section 1904, General Statutes of Florida above quoted.

After the time has elapsed in which a petition for a rehearing may be filed, the party's remedy against whom the decree has been rendered or who desires a reversal or modification of the decree is by Bill of Review or appeal. See Prentiss v. Paisley, 25 Fla. 927, 7 South. Rep. 56; 3 Ency. Pl. & Pr.

The petition for a rehearing did not have the effect of postponing the time for appealing from the decree beyond six months from the 26th day of June, the date to which proceedings upon the decree were suspended by the statute. Sec. 1904 Gen. Stats. Nor as stated did the court during the period when the decree was suspended make any order continuing the suspension of the decree, if indeed it had the authority to do so, nor did it make an order directing the decree to be set aside and annulled unless cause to the contrary be shown within a certain time. Therefore any time within six months after June 26, 1914, the defendant had his right to appeal from the decree; but he elected not to do so, and prosecutes his appeal from the order denying the petition for a rehearing. Without deciding whether an appeal lies from such an order, we cannot consider it for the reason that it cannot be passed upon without reviewing the decree of May 16, 1914, from which no appeal was taken within the time fixed by the statute. Judson Lumber Corp. v. Patterson, 68 Fla. 100, 66 South. Rep. 727. The reversal of the order denying the petition for a rehearing would have the same effect as if the appellant had obtained a reversal of the decree upon an appeal taken from the decree within the time prescribed by the statute. Thus any advantage that the appellant might have derived from taking an appeal from the final decree within the time prescribed by the statute would be ob-

tained by him in this indirect way long after the time limit fixed by the statute for taking an appeal had elapsed.

This court has no jurisdiction over an appeal taken after the lapse of six months from the entry of the decree or order from which the appeal is taken. Sec. 1907 Gen. Stats. of Florida; Hodges v. Moore, 46 Fla. 598, 35 South. Rep. 13; Charlotte Harbor & N. Ry. Co., v. Lancaster, 70 Fla. 200, 69 South. Rep. 720. In the case of Fitzpatrick v. Turner, 14 Fla. 382, the appellant appealed from an order overruling a motion to stay execution and set aside a judgment of foreclosure. The judgment was rendered in November, 1870. Under the statute as it then existed the defendant had two years from that time to take his appeal; instead of adopting that course he attacked the legality of the execution and asserted his rights in that form. On April 22, 1873, the motion was overruled and defendant appealed from that order. The court said: "If he has mistaken his remedy it is too late for this court to afford relief. The reversal of the order of April 22, 1873, would operate simply to give the defendant all the advantage that he could possibly have derived from an appeal from the judgment within the time limited by statute." See also Jacobs v. Bealmear, 41 Md. 484; 18 Ency. Pl. & Pr. 27; 3 Corups Juris, 1051.

The order appealed from is affirmed.

TAYLOR, C. J., and SHACKLEFORD, J., concur.

COCKRELL, J., dissents.

WHITFIELD, J., absent on account of illness.