OCEAN FRONTAGE COMPANY, a corporation, RUSS J. CHRISTY and AMELIA CHRISTY, his wife, HENRY C. CUTTING and THE ATLANTIC NATIONAL BANK *of* JACKSONVILLE, *Appellants* v. H: W. McFADDEN, *Appellee.*

Division A.

Opinion filed July 19, 1929.

*John W. Dodge,* for Appellants;

*Baker, Baker & Rutherford,* for Appellee.

ELLIS, J.—H. W. McFadden held a mortgage from Ocean Frontage Company, a Florida Corporation, to secure the

payment of three promissory notes aggregating in amount $69,500. The notes were all dated September 17, 1925, and were payable in one, two and three years respectively.

The mortgage was upon lands lying in Nassau County which McFadden had sold to the corporation and the debt represented by the three notes was for the balance of the purchase price of the land. On the same day upon which the Ocean Frontage Company acquired the lands it sold to Russ J. Christy an undivided half interest in them. In August, 1926, the Ocean Frontage Company mortgaged its undivided half interest to H. C. Cutting to secure a debt of $10,500. and in October, 1925, McFadden being indebted to the Atlantic National Bank transferred and assigned to it the Ocean Frontage Company's notes and mortgage as collateral security.

When the first note of the Ocean Frontage Company became due September 17, 1926, it defaulted both in the payment of principal and interest and under an accelerating clause in the mortgage McFadden declared the entire indebtedness to be due and on January 24, 1927, instituted a suit to foreclose the mortgage.

He made the Ocean Frontage Company, Russ J. Christy and wife, Henry C. Cutting and the Atlantic National Bank parties defendant. Christy and wife and Cutting are non-residents. A subpoena was issued to Ocean Frontage Company and H. C. Cutting. It was served as to the Ocean Frontage Company on the 26th day of January, 1927, by delivering a copy to H. Clay Crawford, Jr., as Secretary of Corporation Service Company of Florida, which the return of the officer stated is the business agent of the Ocean Frontage Company. The subpoena was returnable to February rule day. Substituted service by publication was obtained upon Cutting who is a non-resident. He was required to appear March 7, 1927. A motion

was made to quash the service as to the Ocean Frontage Company and the motion was denied, and a decree *pro confesso* against it was entered by the clerk. A *pro confesso* decree was also taken against Christy and wife and Cutting. The record disclosed no service of process upon the Christies.

The Atlantic National Bank answered. Its answer was admitted by the complaint. The cause then proceeded to final decree. There was a reference to a special master to take testimony. The order appointing him recited that the defendants were duly served with process and that Christy and wife and the Ocean Frontage Company duly appeared to the bill of complaint but failed to plead, answer or demur, and that Cutting failed to appear and that decrees *pro confesso* were duly entered against all the defendants except the Atlantic National Bank. The decrees *pro confesso* were ratified and confirmed by the order and the cause referred to Hinton J. Baker as Special Master to take the testimony and report his findings of law and fact.

A report of the Master was duly made on March 29th and a final decree entered on the 31st of March, two days later. After due notice the sale was made and report of it filed on May 13th, 1927. The property sold for $24,000. cash. On that date the Ocean Frontage Company by its solicitors filed its objection to the confirmation of the sale upon the ground that the property was said to have been sold for a "sum considerably less than the fair market value." A motion to vacate the appointment of the special master and objections to the confirmation and approval of the sales were filed before the Judge on May 23, 1927. On the same day the Judge entered an order confirming the report of the Special Master in all respects and confirming the sale of the property. No reference is made in the order to the

motion to vacate the appointment of the special master and the objections to the confirmation of the sale.

The master then made his final report and showed the distribution of the proceeds of the sale. This report was confirmed June 29, 1927.

An appeal was taken from all the orders made subsequently to the sale, as follows: order dated May 23, confirming the report of the sale and refusing to grant the motion to vacate the order appointing the special master, and overruling the objections to the confirmation of the sale; also the order confirming the master's report of the receipts and disbursements.

The appeal was taken November 11, 1927, and made returnable February 7, 1928.

The alleged errors are said to rest upon two fundamental propositions: First, that there was no service of process upon the Ocean Frontage Company, so the court was without jurisdiction of a necessary party; second, that Hinton J. Baker was so related to the complainant in the capacity of attorney and to complainant's counsel as kinsman as to disqualify him from acting as special master. Both of these questions are precluded by the final decree from which no appeal was taken and the record of it discloses no jurisdictional error. See Gasque v. Ball, 71 Fla. 257, 71 So. R. 329.

A final decree having been rendered in the case and no appeal therefrom taken, an appeal from orders rendered subsequently to the final decree does not bring that decree before the court for review. See Judson Lumber Corp. v. Patterson, 68, Fla. 100, 66 So. R. 727.

There is nothing in the record to show that Baker, the special master, was an improper person to be appointed to take testimony in the *ex parte* proceedings and make sale of the land and distribution of the proceeds further

than the recitals in the motion which are not evidence on an appeal of the truth of such fact. See Livingston v. L'Engle, 22 Fla. 437; Stearns v. Jaudon, 27 Fla. 469, 8 So. R. 640; American Lead Pencil Co. v. Wolfe, 30 Fla. 360, 11 So. R. 488; Thomas Bros. Co. v. Price & Watson, 56 Fla. 694, 48 So. R. 17.

As to the service of the process upon Corporation Service Company as the business- agent of the Ocean Frontage Company, the record discloses that the latter company appeared specially in February, 1927, and moved to quash the service. The motion was denied and the order entered in the chancery order book on February 22, 1927. No appeal was taken from that order, nor was any effort made to vacate the decree *pro confesso* which was entered in March following. Nor was an appeal taken from the final decree within six months.

This court has no power to review a final decree from which no appeal is taken within the period prescribed by the statute for taking appeals. See Hodges v. Moore, 46 Fla. 598, 35 So. R. 13; Buck v. All Parties, 86 Fla. 86, 97 So. R. 313; Reed v. Cromer, 86 Fla. 575, 98 So. R. 605.

The orders appealed from are affirmed.

TERRELL, C. J., and BROWN, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.