REUAL W. THOMPSON v. SAMUEL WYLES.

149 So. 769.
Division B.
Opinion Filed July 18, 1933.
Rehearing Denied Aug. 2, 1933.

*Thos. B. Dowda,* for Appellant;

*Julian C. Calhoun* and *Richard W. Irvin,* for Appellee.

PER CURIAM.—The order appealed from should be reversed on authority of the opinion and judgment in the case of Stearns v. Jaudon, 27 Fla. 469, 8 Sou. 640, and it is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

ON PETITION FOR REHEARING.

BUEORD, J.—This case was disposed of by Division B of this Court by memorandum order of reversal filed July 18, 1933.

The appellee has filed motion for rehearing.

The bill of complaint was filed with the evident purpose of foreclosing two alleged liens, one accruing under Section 3496 R. G. S., 5350 C. G. L., which reads as follows:

"For Labor on buildings and structures.—In favor of any mechanic, laborer or other person who shall perform by

himself or others any labor upon, or in the construction or repair of any building or other work or structure, or additions to or upon any fixtures, therein or thereon; upon such buildings, work or structure and the land upon which it stands."

and the other under Section 3498 R. G. S., 5352 C. G. L., reading as follows:

"For labor on farms, etc. In favor of any person performing by himself or others any labor upon or in any farm, orchard, grove, garden, park or other grounds, whether in clearing up, fencing, ditching or draining, or in maintaining, improving or cultivating the same; upon such farm, orchard, grove, garden, park or other grounds."

In the bill of complaint it is alleged that the appellant here, defendant in the court below, "is seized and possessed in fee simple of the following described land in Putnam County, Florida, to-wit:

"Being part of the Elihu Woodruff Grant, Section 38, Township 10, South, Range 27, East, and more particularly described as: Beginning at a point on the Banks of the St. Johns River at the Southwest corner of R. J. Adams tract, and run thence Northerly, along west line of said Adams and Griffin Tracts to Southeast corner of David A. Dunham Tract, then run Northeasterly, along the Southerly line of D. A. Dunham Tract, 8 chains and 96 links to St. Johns River Bank, thence run along said St. Johns River Bank with its meanderings to the point of beginning, containing 85 acres, more or less except Florida East Coast R. R. right of way. Said tract of land known as 'Old Harts Orange Grove.'"

The bill of complaint then alleges that the appellant was employed by the defendant to look after the grove and keep certain buildings in repair at a salary of $30.00 per month,

beginning in the early part of 1920 and ending the 1st day of October, 1932.

The bill of particulars attached to and made a part of the bill of complaint simply shows debits and credits on salary running over the period of twelve years. There is no showing in the bill of complaint as to the amount which is due the complainant for labor performed by himself or others upon or in the construction or repair of any building, or other work or structure.

There are no allegations in the bill of complaint upon which a decree could be entered for any specific amount and be enforced as a lien under the provisions of Section 3496 R. G. S., 5350 C. G. L. Neither is there any allegation in the bill of complaint upon which the court could base a decree for any specific amount to be enforced by a lien under the provisions of Section 3498 R. G. S., 5352 C. G. L.

It is elementary that before a statutory lien may be enforced, the amount for which the lien is claimed must be definitely alleged and proved.

Section 3496 R. G. S., 5350 C. G. L., provides for the creation of a lien upon buildings, work or structure and the land upon which it stands, but this lien does not extend to any other land and before the lien can be enforced the amount due for that particular labor performed upon the house, building or structure must be alleged and proved.

Section 3498 R. G. S., 5352 C. G. L., creates a lien in favor of any person performing by himself or others labor upon any farm, orchard, grove, garden, park or other grounds, upon such farm, orchard, grove, garden, park or other ground, but the lien created can only be for the amount due for such labor and such lien cannot be enforced to collect the amount due for such labor together with amounts due for other labor not covered by that lien.

. Aside from these considerations, the allegations of the bill show that the complainant was employed by the month at a salary of $30.00 per month and he attempts here to enforce a lien for parts of his salary, which he alleges accrued some in each year respectively from 1920 to 1932, inclusive. While it is not necessary to determine the question here, we seriously doubt that parts of salaries accruing annually over a period of years for labor performed on the farm, grove, orchard, garden, park or other grounds, etc., could be tacked together and recovered in a lien foreclosure suit after the end of a long period of years, especially where the contract for service for each successive year is an oral one. Each year's service would probably be considered as accruing under a separate contract and any lien arising under such contract and service would expire at the end of the statutory period after the end of the year in which such service was rendered.

For the reasons stated, the motion for rehearing is denied, and the order appealed from will stand reversed.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.