WILLIAM J. FULLERTON v. BYRON CLARK, JR., as Administrator

194 So. 481
Division A
Opinion Filed March 5, 1940

*Blanchard & Hoffman,* and *W. G. Starry,* for Appellant; *Carey & Harrison,* for Appellee.

PER CURIAM.—After the going down of the mandate pursuant to our opinion *in re* Clark v. Fullerton, 130 Fla.

150, 177 Sou. 851, the Circuit Court on November 19th, 1938, entered its order as follows:

"A motion in writing having been duly presented to the Court requesting the entry of an appropriate order in this cause in compliance with the terms and provisions of the Supreme Court decisions heretofore rendered, on' this the 1st day of February, A. D. 1938, and it appearing to the Court that due notice of the hearing of said motion has been given to Messrs. Blanchard and Hoffman, attorneys for above named Plaintiff, and attorneys representing said Plaintiff and Byron Clark, Jr., as Executor of the Last Will and Testament and Estate of Miller J. Huggins, deceased, all being before the Court, and argument of said counsel having been made before the Court, and said cause having been duly considered, and the decisions of the Supreme Court dated February 1, 1937, and January 5, 1938, in this cause, and other decisions of the Supreme Court referred to in these two designated decisions also having been considered by the Court, and it further appearing to the Court that a mandate from the Supreme Court of the State of Florida in this cause was duly filed in the office of the Clerk of the Circuit Court of the Sixth Judicial Circuit of the State of Florida, on January 8, 1938, and recorded in Chancery Order Book No. 151, on page 340, in' which mandate among other things it is ordered: 'The said decree of the Circuit Court be and the same is hereby reversed and the cause remanded, and further appropriate proceedings consistent with the opinions of this Court filed February 1, 1937, and January 5, 1938, (attached to and made a part of this mandate): It Is Further Ordered by the Court that the Appellant do have and recover of and from the Appellee his costs by him in this behalf expended,' and this Court being advised of its judgment to be entered in the premises, it is, therefore, in accordance

with the terms and provisions of said mandate and of the decisions of said Supreme Court,

"DECREED, ORDERED AND ADJUDGED that the deficiency judgment heretofore entered by this Court in the sum of $16,745.35 against Byron Clark, Jr., as Executor of the Last Will and Testament and Estate of Miller J. Huggins, deceased, in favor of William J. Fullerton, on the 15th day of December, A. D. 1934, and recorded in Chancery Order Book No. 120 at page 525 and 526 thereof in Chancery Case No. 16172, be and the same is hereby cancelled, vacated and annulled.

"FURTHER ORDERED AND ADJUDGED that the remainder of the order confirming the sale, herein referred to as having been entered on December 15, A. D. 1934, remain as is and unaffected by this order.

"DONE AND ORDERED this the 19th of November, A. D. 1938."

This order was, and is, as to the disposition of the motion for a deficiency decree, a final order and decree as it disposed of the only matter then pending in connection with this case.

Petition for rehearing was filed on the third day of December, 1938. Petition for rehearing was denied by order of January 12th, 1939.

Notice of appeal was recorded on the 11th day of July, 1939. The notice of appeal attempted to bring for review the order and decree of November 19th, 1938, *supra*. It was ineffectual for that purpose because the appeal was entered more than six months after the entry of that order and decree.

Appellee moves now to affirm order appealed from on authority of Gasque v. Ball, 71 Fla. 257, 71 Sou. 329, wherein it was said:

"The petition for a rehearing did not have the effect of postponing the time for appealing from the decree beyond six months from the 26th day of June, the date to which proceedings upon the decree were suspended by the statute. Sec. 1904, Gen. Stats. Nor as stated did the court during the period when the decree was suspended make any order continuing the suspension of the decree, if indeed it had the authority to do so, nor did it make an order directing the decree to be set aside and annulled unless cause to the contrary be shown within a certain time. Therefore, any time within six months after June 26, 1914, the defendant had his right to appeal from the decree; but he elected not to do so, and prosecutes his appeal from the order denying the petition for a rehearing. Without deciding whether an appeal lies from such an order, we cannot consider it for the reason that it cannot be passed upon without reviewing the decree of May 16, 1914, from which no appeal was taken within the time fixed by the statute. Judson Lumber Corp. v. Patterson, 68 Fla. 100, 66 South. Rep. 727. The reversal of the order denying the petition for a rehearing would have the same effect as if the appellant had obtained a reversal of a decree upon an appeal taken from the decree within the time prescribed by the statute. Thus any advantage that the appellant might have derived from taking an appeal from the final decree within the time prescribed by the statute would be obtained by him in this indirect way long after the time limit fixed by the statute for taking an appeal had elapsed."

See also Ocean Frontage Co., *et al.*, v. McFadden, 98 Fla. 197, 123 Sou. 666, and Thompkin Corporation v. City of Miami Beach, 135 Fla. 360, 185 Sou. 422.

For the reasons stated, the motion to affirm is granted.

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.