## G. A. CHAPMAN v. ST. STEPHENS PROTESTANT EPISCOPAL CHURCH, INC., and THE TRUSTEES OF THE DIOCESE OF SOUTH FLORIDA.

10 So. (2nd) 324                 Division A
October 30, 1942

Blackwell & Walker, for appellant.

Evans, Mershon & Sawyer, M. L. Mershon and Thos. McE Johnston, for appellee.

BUFORD, J.:

This case is now before us on appeal from final decree in favor of the defendant in the court below. It is the final disposition of the case which was considered by us in Chapman v. St. Stephens Protestant Episcopal Church, Inc., et al., 105 Fla. 683, 136 So. 238; same, 105 Fla. 683, 138 So. 630, and same, 105 Fla. 683, 145 So. 757.

Numerous contentions are present by appellant. It is not necessary for us to discuss any of these questions as it appears from a consideration of the entire record that the decree of the chancellor, viz: "Based upon the pleadings and evidence in the cause, the court finds that the defendants are in nowise indebted to the plaintiff; whereupon,

"It is Ordered, Adjudged and Decreed that this cause be, and the same is hereby dismissed at the cost of the plaintiff," upon authority of the opinion and judgment in the case of Thompson v. Wiles, 111 Fla. 513, 149 So. 769, wherein we held, "Amount of statutory lien must be definitely alleged and proved and lien can be enforced only for work actually covered thereby."

The record in this case shows that the plaintiff, as a contractor, furnished labor and material for the repair and improvement of a church. That under the contract he was paid $10,850.00. He claimed a balance for which he sought to enforce this lien in the sum of $7,087.09.

The record shows definitely that his claim included many items of labor which were not performed and various items of material which were not furnished.

The burden was on the plaintiff to show definitely by proof that certain specified materials had been

furnished for the construction under the alleged contract insofar as he sought to recover for materials furnished, and to show that he had furnished definite labor in the performance of the contract insofar as he sought to recover for such labor and, as to both, the burden was on the plaintiff to show that the material so furnished and labor so performed had not been paid for.

The plaintiff failed to meet this burden of proof.

No reversible error appearing in the record, the decree is affirmed.

It is so ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.