DREW, Justice.
This is the second appearance of this case here. See Odom v. Barrett, Fla., 56 So.2d 122, 123.
On rehearing in the above appeal we reversed the cause with directions “to allow or give the respective parties an opportunity to adduce further and additional testimony pertinent to the issues.” Obviously, the reason which prompted us to take this action was because of our conclusion that the Chancellor below was correct in his determination there that it was impossible for him accurately to arrive at a proper amount to be paid the contractor.
Additional testimony was taken in the lower court after the mandate in the former appeal went down. The lower court, in disposing of the matter, entered a decree dismissing the cause, with the following observation :
“And after further considering the pleadings herein, all testimony taken pursuant to said Order on Appeal and the argument of counsel for the respective parties, the undersigned Judge of the Circuit Court finds that it is still impossible from the record in the case for the Court to arrive at a proper amount, if any, to be paid the contractor. And so, as it appears that owners have paid the Plaintiff, contractor, the sum of $8461.28, the Court cannot properly find that there is any balance owing by the Defendants to the Plaintiff, and Plaintiff’s complaint should be dismissed.”
The burden was on the plaintiff below to prove what materials had been *201 furnished and what work had been done under the contract and that it had not been paid for in the manner provided. This burden must be carried by the plaintiff if he is to recover. Chapman v. St. Stephens Protestant Episcopal Church, Inc., 151 Fla. 641, 10 So.2d 324. This rule is particularly applicable in actions to enforce statutory liens. Thompson v. Wyles, 111 Fla. 513, 149 So. 769.
Our examination of both records here (in the first and this appeal) leaves no doubt in our minds that the Chancellor was entirely correct in holding the plaintiff wholly failed to carry this burden.
Moreover, in an appeal to this Court every presumption is in favor of the correctness of the decree appealed from and the rulings of the trial Judge. The burden is on the appellant to make error clearly appear — if, in fact, there is error. Appellant has failed to do this.
Affirmed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.