H. Jerome Davis Manatee County Supervisor of Elections Bradenton
QUESTION:
May a daughter who has been granted power of attorney for her mother sign the application for voter registration on behalf of her mother?
SUMMARY:
In the absence of statutory authority, an agent may not be appointed to register a person to vote. Therefore, a daughter who has been granted power of attorney for her physically and mentally impaired mother is not authorized to sign an application for voter registration on behalf of her mother; hence, a registration made in such a manner would be invalid.
Your question is answered in the negative.
Your letter advises that a person who has been granted power of attorney for her mother has requested that you register her mother as an elector. You state that the mother is 89 years old, bedridden, unable to write, `and does not have all her mental faculties,' although she has not been adjudicated mentally incompetent. However, she is unable to sign her name or even to make a mark to substitute as a signature. You state that the daughter wishes to fill out and sign the registration application form for her mother, presumably as her mother's `agent,' by virtue of the power of attorney which she has been granted.
This office has stated on previous occasions that the State Constitution, as construed by the courts, provides essentially for universal suffrage for all residents of the state who have reached the age of majority if they are registered as provided by law. Section 2, Art. VI, State Const. The only disqualifications to voting are found at s. 4, Art. VI, State Const.:
 No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability.
Accordingly, in AGO 074-15, it was concluded that a resident of a Sunland Training Center who was otherwise qualified to vote was eligible to register and vote in an election, provided that such person had not been adjudicated mentally incompetent. Similarly, in AGO 077-1, this office stated that a person who has been adjudicated physically incompetent continues to be eligible to vote, provided such person is duly registered as an elector. Application of the foregoing constitutional provisions and Attorney General Opinions to your inquiry compels the conclusion that the woman described in your letter is eligible to register to vote, notwithstanding any physical or mental impairment, provided she is otherwise qualified to vote. The remaining consideration, therefore, is whether or not the daughter, who has been granted power of attorney, may make an application for registration as an elector on behalf of her mother. See s. 97.051, F. S., providing that one making an application for registration shall subscribe to an oath; and also execute a written statement, under oath, that he has never previously registered to vote in any other jurisdiction or that, if previously registered elsewhere, he has requested that such prior registration be canceled.
It is well established that powers of attorney are to be construed in accordance with the general rules governing the law of agency. 3 Am. Jur.2d Agency s. 28. A power of attorney has been defined as `an instrument in writing by which one person, as principal, appoints another as his agent and confers upon him the authority to perform specified acts or kinds of acts on behalf of the principal.' Id., s. 23, at p. 433. See also s. 709.08, F. S., providing that a principal may create a durable family power of attorney by executing a power of attorney which designates a family member as attorney in fact.
An agent appointed pursuant to a power of attorney may be authorized to do whatever one can lawfully do individually, except
those acts so peculiarly personal that their performance cannot be delegated. 2A C.J.S. Agency s. 25; Rich Printing Co. v. McKellar's Estate, 330 S.W.2d 361, 380 (Tenn.Ct.App. 1959); Zeeb v. Atlas Powder Co., 87 A.2d 123, 127 (Del. 1952); Skala v. Lehon,175 N.E. 832, 834 (Ill. 1931). The authorities and decisional case law are in general accord that the acts of voting and registration are of such personal character that they may not be delegated to an agent, in the absence of statutory authority. 25 Am. Jur.2dElections ss. 95, 235; 29 C.J.S. Elections ss. 46, 201(1); O'Brien v. Fuller, 39 A.2d 220, 224 (N.H. 1944); Rich Printing Co. v. McKellar's Estate, supra.
My examination of the Florida Statutes reveals no provision therein which permits one to delegate to an agent the authority to register as an elector for him or her. Compare Gonzalez v. Stevens, 427 S.W.2d 694 (Tex.Civ.App. 1968), in which the court considered a Texas statute which permitted certain family members to act as agent of another family member applying for registration. Florida law expressly requires that a person must be registered as an elector in order to be entitled to vote. Section97.041(4), F. S. Registration of voters, moreover, can be made only in the manner provided by law; a registration made in any other manner is not a legal registration. State ex rel. Martin v. County Commissioners of Sumter County, 20 Fla. 859, 861 (1884). Therefore, it is clear that your question must be answered in the negative.
Prepared by: Patricia R. Gleason, Assistant Attorney General