ERTLE WILLIAMSON, alias EARL WILLIAMSON, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed March 23, 1931.

*Wm. A. Hallowes, Jr.*, and *Miles W. Lewis*, for Plaintiff in Error;

*Fred H. Davis*, Attorney-General, and *Roy Campbell*, Assistant, for Defendant in Error.

WHITFIELD, P.J.—The plaintiff in error, indicted for murder was convicted of manslaughter and took writ of error. He had lived in an apartment with another occupant but had moved to another place a day or two before the tragedy. He returned to the apartment late at night as he testifies to get some personal articles he had left there, but he entered by force and an altercation ensued with the deceased who was in the apartment.

At the trial the court refused a requested charge upon the theory that the defendant was in his home and had a right to defend himself without retreating. Such refusal is not error because at the time of the homicide the defendant was not in his dwelling house, he having moved from the apartment to another place a short time before, and his entry into his former home was by force.

It appears that an attorney assisted the State Attorney in the trial of the cause, but no objection thereto was interposed at the trial and the mere failure of the transcript of the record to show that such attorney was sworn as assistant State Attorney does not show an unlawful participation in the trial by an attorney who was permitted to do so by the court and there is no showing that the prosecution was not at all times under the control of the State Attorney. See Robinson v. State. 69 Fla. 521, 68 So. 649.

Testimony of a witness as to statements made by the

defendant at the coroner's inquest was not illegally admitted at the trial upon a showing that the defendant was warned of his constitutional rights and privileges in giving evidence against himself, not by the magistrate but by the county detective at the direction of the magistrate, the defendant expressing a desire to make a statement.

Even if the charge given by the court as to mutual combat was not warranted by the evidence, the charge as given reasonably could not have been harmful to the defendant in view of the testimony as to the place and circumstances of the homicide. Other charges complained of do not constitute reversible error, and the evidence being ample to sustain the verdict, the judgment is affirmed.

TERRELL, J., AND HUTCHINSON, Circuit Judge, concur.

BUFORD, C.J., AND BROWN AND ELLIS, J.J., concur in the opinion and judgment.

DAVIS, J., disqualified.