JIM LEE v. STATE.

174 So. 589.
Division B.
Opinion Filed May 21, 1937.

*Martin & Martin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BROWN, J.—This case is before us on motion to vacate an order recently entered by this court dismissing the writ of error which writ was sued out on December 9, 1936.

The Attorney General's motion for the dismissal of the writ of error was grounded upon the fact that the writ was not sued out within the time provided by Chapter 16302, Acts of 1933.

The defendant was indicted in October, 1933, for murder in the first degree. The indictment charged that the offense was committed on May 25, 1933. The defendant was found guilty by the jury with recommendation to mercy of the court, and on April 20, 1934, the judgment of conviction was duly entered, embracing a sentence to life imprisonment in the penitentiary. More than two years later, on December 9, 1936, the defendant filed his praecipe for writ of error and the same was issued. The writ so issued, was as above stated, recently dismissed by this court on the Attorney General's motion.

This motion to vacate the order of dismissal is based upon the contention that the time within which the defendant was entitled to sue out writ of error must be governed by the law as it existed at the time the offense was alleged to have been committed. The statute in force at that time, which was Section 8436 C. G. L., placed no time limit upon the time within which a person convicted of a crime could sue out a writ of error. But within a few weeks after the crime was alleged to have been committed in this case, but before the judgment of conviction was rendered, the law on this subject was changed. Chapter 16302, which was approved June 12, 1933, provided as follows:

"Section 1. That hereafter no writ of error shall issue in any criminal case unless the same is sued out within six months from the date of the entry of the judgment therein.

"Section 2. No writ of error shall issue in any criminal

case, in which a judgment has heretofore been entered, unless the same is sued out within six months after this Act shall take effect.

"Section 3. This Act shall take effect upon its becoming a law."

So, this statute was in effect when the judgment of conviction was rendered in April of 1934. The right to sue out a writ of error did not accrue until then. The general rule is that the right of appeal is governed by the law applicable thereto in force when the final judgment is rendered. 3 Am. Jur., 145. It is also a general rule that the time commences to run when the final judgment is entered, unless a motion for new trial or rehearing, seasonably made before the entry of the judgment, has not been ruled upon when the judgment is entered. In such case the time is computed from the date of the denial of the motion for new trial. The reason for this rule is that the character of finality does not attach to the judgment or decree until the motion has been decided. 3 Am. Jur. 149; McClellan v. Wood, 78 Fla. 407, 83 So. 295. A motion for a new trial was made and denied in this case but it is not contended that this in any way affected the finality of the judgment rendered, or the time element here involved. In behalf of plaintiff in error it is contended that Section 32 of Article III of our Constitution has a bearing upon the contention here made. That section reads: "The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment."

But we are not dealing with the matter of the prosecution or punishment of the crime alleged to have been committed, and for which the plaintiff in error was convicted. We are dealing with a question of procedure—a question relating to the time within which a person convicted of

crime may seek appellate review of the judgment of conviction. The case of *Ex Parte* Browne, 93 Fla. 332, 111 So. 518, cited by plaintiff in error, is therefore not in point. That case dealt with a statute changing the method of punishment in capital cases and came squarely within the quoted constitutional provision.

The case of Mathis v. State, 31 Fla. 291, 12 So. 681, also cited in behalf of plaintiff in error, does not support his contention. That case dealt with a change in the number of peremptory challenges which could be exercised by an accused person, which change was brought about by the adoption of the Revised Statutes of 1892, which reduced the number of such challenges from twenty to ten. The eighth, ninth and tenth headnotes in that case read as follows:

"8. The right to peremptorily challenge jurors appertains to the remedy or procedure under which prosecutions are conducted, and not to the essence of the offense itself. The Legislature can, at any time, change the law in this respect, and such change will apply to prosecution of offenses committed before, as well as those committed after the change has been made.

"9. The provision in Section 32, Article III, Constitution of 1885, that 'the repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment,' relates to the offense itself or the punishment thereof, and not to the remedy or procedure which the Legislature may enact for the prosecution and punishment unless the change in the remedy should affect in some way the substantial rights of defense.

"10. The right to peremptorily challenge jurors does not exist, or does not accrue to an accused, until trial; and the third section of the Act adopting the Revision, provid-

ing that 'the repeal of any statute by said Revision shall not affect any right accrued before such repeal,' does not have the effect to save an accused the right to twenty peremptory challenges on a prosecution for a capital offense, alleged to have been committed before the Revised Statutes became operative, but when the trial occurs thereafter."

See also in this connection Reynolds v. State, 33 Fla. 301, 14 So. 723, and Lovett v. State, 33 Fla. 89, 14 So. 837, which cases deal with the purpose of the quoted constitutional provision.

There is a distinction, generally recognized in all jurisdictions, between statutes affecting substantial rights and those affecting procedure. The latter may in some cases be given a retrospective operation, but the first section of the statute here involved, which controls this case, is plainly intended to have a prospective operation only. 29 C. J. 1173. It applies to writs of error to judgments rendered after the statute became effective. By giving this section of the statute, providing that writs of error must be sued out within six months from the date of the entry of the judgment, a prospective operation, it appears that the order heretofore made by this court, dismissing the writ of error, which writ was sued out more than two years after the entry of the judgment and which judgment was entered after the statute went into effect, was clearly correct, and the motion to vacate is accordingly denied, and said order of dismissal is adhered to.

Motion denied.

WHITFIELD, P. J., and DAVIS, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.