WILLIAM SHAYNE, trading and doing business as DIXIE MUSIC COMPANY, v. H. H. PIKE.

178 So. 903.
Opinion Filed January 14, 1938.
Rehearing Denied March 2, 1938.

*Albert S. Dubbin, H. H. Wells, B. K. Roberts, Murrell & Malone* and *John M. Murrell,* for Petitioner;

*L. J. Cushman* and *J. Velma Keen,* for Respondent.

CHAPMAN, J.—It has been made to appear in this Court by petition for a writ of certiorari to be directed to Honorbale Arthur Gomez, a Judge of the Circuit Court of Dade County, Florida, that a judgment was entered on the 10th day of March, 1937, in the Civil Court of Record of Dade County, Florida, for the sum of $4,999.00 in behalf of H. H. Pike against William Shayne, trading and doing business as Dixie Music Company. On March 13, 1937, defendant there and petitioner here, filed his motion in the Civil Court of Record for a new trial and the same was by an order denied under an erroneous date of April 19, 1937, which was subsequently corrected or amended to express the true and proper date of said order, viz., May 19, 1937. The trial court on its own order continued the cause and the motion for a new trial without ruling on said motion, from the March until the May term of said court, which order was dated May 7, 1937. While the Civil Court of Record was holding its May term of court in and for Dade County, Florida, the defendant and petitioner here on June 9, 1937,

filed his petition for rehearing on the motion for a new trial. The plaintiff, on June 15, 1937, filed a motion to strike the petition for rehearing on the motion for a new trial and on June 28, 1937, a Judge of the Civil Court of Record of Dade County, Florida, made and entered an order denying the petition for rehearing on the motion for a new trial. By refusing to strike the petition for rehearing and by subsequently denying the petition for a rehearing on motion for new trial, the court thereby recognized the filing of the petition for rehearing.

On July 2, 1937, the petitioner obtained a writ of error returnable on July 31, 1937, to the Circuit Court of Dade County, Florida. The bill of exceptions was settled and signed by a Judge of the Civil Court of Record in and for Dade County, Florida, under date of July 13, 1937. On August 2, 1937, defendant in error and respondent here, filed his special appearance and motion to quash the writ of error in the Circuit Court of Dade County, Florida, and the same was heard before the Honorable Arthur Gomez, a Judge of the Circuit Court of Dade County, Florida, when an order dated August 16, 1937, was made and entered granting the motion to quash the writ of error previously issued and remanded the cause to the Civil Court of Record. The effect of the order quashing the writ of error was to make the judgment of the Civil Court of Record dated March 10, 1937, a final adjudication of the cause and denied further a review thereof by an appellate court as provided for by law.

The order quashing the writ of error is one controlled by the utterances of this Court in the case of First National Bank of Gainesville v. Gibbs, 78 Fla. 118, text pages 122-23, 83 Sou. Rep. 618, when it is said:

" 'The Supreme Court has power to review and quash, on the common law writ of *certiorari,* the proceedings of

inferior tribunals when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of justice and law and no appeal or direct method of reviewing the proceedings exist.

" 'The writ of *certiorari* to review the proceedings of an inferior court does not issue as a matter of right, but rests in the sound discretion of the court, and, when issued, will not serve the purpose of a writ of error, or appeal with a bill of exceptions.

" 'The office of the common law writ of *certiorari,* when issued to review the proceedings of an inferior court, is to bring up for inspection the entire record of proceedings of such court, in order that the superior court may determine therefrom whether the inferior court acted within its jurisdictional powers, or whether its procedure was essentially regular and in accordance with the requirements of law. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; 4 Ency. Pl. & Pr. 31, *et seq.;* Hunto v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398.' "

The time is limited to thirty days for suing out a writ of error to a final judgment entered in the Civil Court of Record as prescribed by the following statute:

" 'PROCEDURE FOR ISSUANCE OF WRITS OF ERROR.—All such writs of error shall be tested in the name of the judge or judges of said appellate court, as the case may be, and shall issue on demand as a matter of right from the office of the clerk of said appellate court or from that of the clerk of the civil court of record, and shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed, and shall be made returnable to said appellate court not more than forty days after the date of the writ. * * *' "

The question for decision here is: Does the thirty days allowed by the statute, *supra,* for suing out writs of error begin to run from May 19, 1937, the date of the order denying the motion for a new trial, or from June 28, 1937, the date of the order denying the petition for a rehearing on the motion for a new trial? If the thirty days' period granted by the statute begins to run on May 19, 1937, then the petition for a writ of certiorari should be denied. If the thirty days allowed under the statute begins to run from June 28, 1937, the date of the order denying the petition for a rehearing on the motion for a new trial, then the petition for a writ of certiorari should be granted. We think the case at bar is ruled by J. C. Greeley v. Fannie B. Percival, 21 Fla. 428; McClellan v. Wood, 78 Fla. 407, 83 Sou. Rep. 295.

The petition for a writ of certiorari is granted.

ELLIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I concur in the views expressed in the opinion prepared by Mr. Justice CHAPMAN.

It appears to me the conclusion reached in that opinion must be correct because the motion for new trial was not *finally* disposed of until the trial court acted on the motion for rehearing at the same term of the court at which the motion for new trial was acted on by order denying the same. During that term the court had power to vacate the order denying the motion for new trial.

When the motion for rehearing was filed the trial court could have stricken it from the files or could have taken it under consideration to determine whether or not it should be granted. The record shows the court pursued the latter course.

If defendant had sued out writ of error while the court had the motion for rehearing under consideration, then the trial court would have been ousted of jurisdiction to further consider the motion. The disposition of the motion for new trial did not occur as long as the record showed that the trial court had not determined the motion for rehearing which he had taken under consideration before the expiration of the time in which writ of error could be taken and at a time when he had the power to vacate and set aside the order denying new trial.

WHITFIELD and BROWN, J. J., concur.