Dade County v. O. D. Snyder, *et ux.,* whose given name is unknown.

184 So. 489.
Division B.
Opinion Filed October 31, 1938.

*Hudson & Cason* and *Park H. Campbell,* for Appellant; *O. B. White,* for Appellees.

Brown, J.—This case is before us on petition for a rehearing of an order heretofore made by this court granting

a motion of appellees to dismiss the appeal. In connection
with the petition for rehearing, suggestion of diminution
of the record has been filed and the situation as now pre-
sented is as follows:

The lower court entered a final decree in this cause on
July 2, 1937, which was recorded four days later in the
chancery order book. This decree merely dismissed the
cause at the cost of the plaintiff.

On July 14, 1937, well within the twenty day period fixed
by Section 70 of the Chancery Practice Act of 1931, the
plaintiff below, appellant here, filed its petition for a re-
hearing of the cause. This petition for rehearing was pre-
sented to one of the Circuit Judges for Dade County on
July 27, 1937.

On March 25, 1938, the lower court entered its order
granting a rehearing, which order was duly recorded in
the chancery order book and set the cause down for hearing
at 10:00 A. M. on April 13, 1938, at which time counsel for
the respective parties would be permitted to submit briefs
and argue the cause before the court.

On May 24, 1938, the court entered its final decree dis-
missing the cause at the cost of the plaintiff. This was re-
corded on May 25, 1938, and in this decree the court stated
that pursuant to the order of March 25, 1938, the cause
had come before the court for rehearing on plaintiff's pe-
tition for rehearing, which had been duly filed in the cause,
and that the court had reheard the cause and the arguments
of counsel on April 13, 1938, and had reserved its final
judgment in the premises. The order and decree of the
court on this rehearing dated May 24, 1938, was that the
chancellor found the equities to be with the defendants and
dismissed the plaintiff's bill at the cost of the plaintiff.

This appeal was taken from this final decree of May 24,
1938, and the notice of entry of appeal was filed on June

6, 1938, and recorded in the chancery order book the following day. The appeal was made returnable on July 18, 1938, and the transcript of record was filed in this court on July 18, 1938. Section 70 of the Chancery Act of 1931 provides that a petition for rehearing shall be filed within twenty days after recording of decree. Section 71 of the Chancery Act of 1931 reads as follows:

"Section 71. Petition for rehearing as stay. No petition for rehearing shall operate to stay the proceedings unless so ordered by the court. The court, in granting any such stay of proceedings, may fix the terms and conditions of such stay. The court on *ex parte* application may grant a stay on such petition for a period not exceeding five days, but no stay for a longer period shall be granted except on notice previously given to the opposing party."

Counsel for appellees urges that inasmuch as there was no order of the court staying the proceedings pending final determination of the petition for rehearing, the subsequent proceedings and the appeal in this case were ineffectual and without authority. Had affirmative relief been granted either party in this cause, then a stay order would have been proper and appellees' contention might have some force, but in this case there was nothing to stay and the entry of a stay order would have been a useless gesture. The statutory provisions above referred to are different from those construed in Gusgue v. Ball, 71 Fla. 257, 71 So. 329.

It is also argued that there was no order or decree of the court setting aside or vacating the original final decree of 1937, but the effect of the order granting the rehearing suspended the operation and effect of said decree. See Reeves v. Armstrong, 75 Fla. 384, 78 So. 338; Shayne v. Pike, 178 So. 903. 131 Fla. 71, and United American Insurance Company v. Oak, 123 Fla. 159, 166 So. 547. It will be noted that these cases hold that a petition for rehearing duly pre-

sented to the chancellor operates to suspend the decree. The appeal here is not from the original decree of July 2, 1937. This decree was suspended by the filing and presentation of the petition for rehearing, and the rehearing was granted and after the rehearing the final decree of May 24, 1938, was rendered, the effect of which was to wipe out or supersede the former decree, though the later decree was very similar in its terms. It is from this last decree of May 24, 1938, that this appeal was taken.

See in this general connection Hazen v. Smith, 101 Fla. 767, 135 So. 813, and Florida Dairies Co. v. Ward, 131 Fla. 76, 178 So. 906.

The order heretofore made dismissing the appeal is hereby vacated and the appeal reinstated. As counsel for appellant had filed its brief on this appeal prior to the filing of a motion to dismiss, counsel for appellees will be allowed twenty days in which to file a reply brief on the merits.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.