**MARVIN SHELBY and ROBERT BRILL v. STATE OF FLORIDA**

21 So. (2nd) 787 · June Term, 1944
November 21, 1944 Division B

*D. W. Berry,* for appellants.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

SEBRING, J.:

The court is asked to dismiss an appeal taken by the appellants from an adverse judgment and sentence.

On February 3, 1944, the appellants, Marvin Shelby and Robert Brill, were found guilty by a jury of the larceny of a hog. On February 4, 1944, the defendants filed their motion for new trial. On the same day the trial court entered judgment, and sentenced the defendants without disposing of the pending motion for new trial. On July 6, 1944, the trial court entered its order denying the pending motion for new trial. The following day the defendants took and entered an appeal to the Supreme Court of Florida from the judgment of conviction. The State of Florida moves to dismiss the appeal on the ground that the appeal was not taken within ninety days from the entry of judgment and sentence, as required by Sec. 924.09 Florida Statutes, 1941.

Under the statutes of this State a motion for new trial in a criminal case raises for determination alleged prejudicial errors concerning matters in pais occurring during the course of the trial. See Sec. 920.05 Florida Statutes, 1941. So long as the motion is pending the cause is in the breast of the court. The trial court in its discretion may sentence the defendant either before or after the filing of a motion for new trial. Sec. 920.07 Florida Statutes, 1941. If on motion for new trial seasonably filed after entry of judgment and sentence a new trial is granted the new trial proceeds in all respects as if no former trial had been had. Sec. 920.09 Florida Statutes, 1941. In such event the verdict, judgment and sentence entered on the first trial amounts to nothing, so far as fixing the degree of guilt and punishment of the defendant is concerned; except that where the offense charged is divided into degrees and the defendant has been convicted of a lesser degree, he cannot on the new trial be prosecuted

for a higher degree of the same offense than that found by the verdict. See Sec. 920.09 Florida Statutes, 1941.

When all these facts are taken into consideration, we think it clear that for the purpose of taking an appeal the character of finality in such a situation does not attach to the judgment until a motion for new trial seasonably made has been denied. See McClellan v. Wood, 78 Fla. 407, 93 So. 295; Lee v. State, 128 Fla. 319, 174 So. 589. We hold, therefore, that in a criminal case where judgment and sentence have been entered against a defendant prior to the filing of a motion for new trial duly and seasonably made, the time within which he must take his appeal to the Supreme Court from the adverse judgment is computed from the date of the entry of the order denying the motion for new trial, and not from the date of the entry of the prior judgment. The motion to dismiss the appeal is denied.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.

December 1, 1944                                    20 So. (2nd) 500
On Rehearing January 23, 1945

PER CURIAM:

Judgment affirmed.

BUFORD, C. J., BROWN, THOMAS and SEBRING, JJ., concur.

PER CURIAM:

A rehearing having been granted in this cause and the cause having been further considered upon the record and briefs for the respective parties, it is ordered and adjudged by the court that the judgment of the court of record for Escambia County, Florida in this cause be and it is hereby reaffirmed and adhered to on rehearing.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.