SEBRING, Justice.
This cause is before the Court on a motion to dismiss the petition for certiorari upon grounds hereafter noted in this opinion.
As we understand the record in the cause, Redwing Carriers, Inc., the petitioner in this proceeding, applied to .the Florida Railroad and Public Utilities Commission for an extension of an existing certificate of public convenience and necessity to operate as a common motor carrier. On July 22, 1952, the motion was denied upon the ground that the applicant had failed to prove public convenience and necessity. Thirteen days after the entry of the order of denial, the applicant filed a petition for rehearing in accordance with Rule' 15 of the Commission, but did not seek or procure an order from the Commission staying the operation of the order of denial. The Commission granted the petition for rehearing and on October 9, 1952, a rehearing was had. Thereafter, on December 15, 1952, the Commission entered an order affirming its previous order of denial entered on July 22, 1952.
Within 60 days from the date of the order entered by the Commission on rehearing granted, but more than 60 days after the entry of the original order of denial, Redwing Carriers, Inc., filed its petition for certiorari in this Court to review the orders entered in the cause.
The respondents have moved to dismiss the proceeding on the ground that in the absence of a stay order the petition for rehearing did not have the effect of staying the operation of the order entered by the Commission on July 22, 1952, and hence that this Court is without jurisdiction to entertain the certiorari proceeding instituted more than 60 days after the entry of said order.
To support their position respondents cite Judson Lumber Company v. Patterson, 68 Fla. 100, 66 So. 727; Gasque v. Ball, 71 Fla. 257, 71 So. 329; In re Warner’s Estate, 160 Fla. 103, 33 So.2d 728, and Ludman Corporation v. Moyer, Fla., 61 So.2d 424, which hold, in effect, that under the chancery practice of this state a petition for certiorari which has been filed more than 60 days after the entry of the chancery order sought to .be reviewed cannot he entertained by this Court, in the absence of an order staying proceedings pending the disposition of a petition for rehearing.
In opposition to the motion the petitioner relies on O’Steen v. Thomas, 146 Fla. 73, 200 So. 230; Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175; and Dade County v. Snyder, 134 Fla. 756, 184 So. 489, which recognize the rule stated in the foregoing cases and then state the exception thereto, that the filing and presentation of a petition for rehearing in a case where the final decree grants no affirmative relief “suspends” the operative- effect of *559 the final decree for appeal purposes until the court acts on the petition.
If we were dealing here with an equity cause the cases cited by counsel would be controlling. However, the orders which the petitioner seeks to have reviewed are not in equity but are orders entered by the Florida Railroad and Public Utilities Commission in an administrative proceeding held pursuant to the rules and regulations of that tribunal. Hence the issue in the cause is not so much whether the petition for certiorari was timely filed according to equity rules of procedure, but whether in accordance with the rules and regulations promulgated by the Commission it was necessary for a stay order to be entered in that tribunal in order to toll the operative effect of the 60-day period prescribed by section 350.641(1), Florida Statutes 1951, F.S.A., for seeking review of a ‘ Commission order.
Rule 15 of the Commission, governing procedure in respect to matters before the commission, provides, in part, that “Application for reopening a case after -final submission, or for rehearing after decision made by the Commission * * * must be applied for within fifteen (15) days after the filing with the Secretary of the judgment or order of the Commission, unless further time is allowed by the Commission. The Commission will consider the petition for rehearing without argument.” Neither this rule, nor any other rule of the Commission, prescribes the effect that the filing of a petition for rehearing shall have upon its orders entered on the merits or requires that a stay order shall be obtained to stay the operative effect of such orders.
The prevailing law is that where a statute provides in general terms that an appeal or other proceeding in error shall be instituted within a certain time from the rendition or entry of a final judgment or decree, the time will be computed, where a motion for new trial or petition for rehearing has been seasonably made, from the date of denial of the motion or petition and not from the date of the entry of the judgment or decree. 3 Am.Jur., Appeal and Error, Section 435; 4 C.J.S., Appeal and Error, §§106 and 441. This is the rule that obtains in this jursidiction in respect to' appeals in common law and criminal •actions. ' McClellan v. Wood, 78 Fla. 407, 83 So. 295; Palmer v. Gulf Fertilizer Co., 127 Fla. 61, 172 So. 488; Parradee v. Steed, 127 Fla. 769, 173 So. 842; Lee v. State, 128 Fla. 319, 174 So. 589; Shayne v. Pike, 131 Fla. 71, 178 So. 903, motion denied 131 Fla. 862, 180 So. 382; Cole v. Walker Fertilizer Co., 147 Fla. 1, 1 So.2d 864; Shelby v. State, 155 Fla. 182, 20 So.2d 500, 21 So.2d 787; Kent v. Marvin, Fla., 59 So.2d 791. And except for the fact that 31 F.S.A. Equity Rule 71 specifically provides that no petition for rehearing shall operate to stay the proceedings unless so ordered by the court, the rule in equity cases undoubtedly would be the same as that applicable in common law and criminal actions, in the absence of a statute imposing a different rule. Compare Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175; sections 4957, 4958, C.G.L.1927.
Under the authority conferred by the legislature to regulate common carriage on the highways of the state, the Florida Railroad and Public Utilities Commission has adopted rules and regulations governing practice and procedure in respect to hearings had before -the Commission. Sections 350.12(l, m) and 350.63, Florida Statutes 1951, F.S.A. It is to these rules and regulations that we must look for the determination as to when the appeal period will begin to run with reference to orders entered in such hearings. The rules and regulations of the Commission contain no requirement that a stay order must be procured in order to toll the operative effect of the 60-day period provided by section 350.641(1), Florida Statutes 1951, F.S.A., for instituting ’ certiorari proceedings. In the absence of some such requirement it must be assumed that the general rule obtaining in common law and criminal actions in this state is applicable, and hence that the period within which certiorari proceedings could be instituted in the present case did not begin to run until December 15, 1952, the date upon which the Com *560 mission entered it's order in the case “on rehearing granted.”
From this conclusion it follows that the motion to dismiss the petition for certiorari should be denied.
It is so ordered.
ROBERTS, C. J., and HOBSON, MATHEWS and DREW, JJ., concur.' '
TERRELL, J., agrees to conclusion.
THOMAS, J., not participating. ,