HENDRY, Judge
(concurring specially).
The majority opinion holds that under Florida Appellate Rule 3.16(c) the review of a cost judgment must be commenced within the 20 days from the “entry” of the cost judgment.
I agree with the majority conclusion that the petition for review in this case must be dismissed in that it is untimely. However, I can not agree that the use of the word “entry” instead of “rendition” has any significance.
Our Supreme Court has held that both words mean “recorded in the minutes of the court.”[1] Moreover, even before the word “rendition” was specifically used or defined in the Florida Appellate Rules, our courts recognized that a timely motion for rehearing or new trial tolls the running of appeal time. In fact, Florida Appellate Rule 6.2, relative to criminal appeals, provides for the taking of an appeal by the defendant within 90 days after judgment is *534 “entered”, etc. It appears to be uniformly held that' the 90 day period is tolled pending the disposition of a timely and proper motion for a new trial.[2]
In this case the petitioner relied upon a motion for rehearing of a cost judgment to toll the time for filing his petition for review of said judgment. I do not find any provision which allows the filing of a motion for rehearing of a cost judgment. Therefore, such motion could not extend the time for filing the petition for review beyond 20 days from the entry of a cost judgment. I would affirm for the reasons stated.

. Brenner v. Gelernter, Fla.1956, 90 So.2d 306.

.See Shelby v. State, 155 Fla. 182, 20 So. 2d 500, 21 So.2d 787; Lee v. State, 128 Fla. 319, 174 So. 589; Miller v. State, Fla.App.1961, 134 So.2d 513.