JOHNSON, Judge.
The appeal here is from the order of conviction and sentence of appellant entered pursuant to a jury verdict of guilty.
The order appealed was entered September 9, 1966, and on that same date the appellant, through his counsel, was allowed ten days within which to file his motion for *224 new trial. This leave of court was granted by the trial judge pursuant to F.S. § 920.02(3), F.S.A. However, on the next day, September 10, the appellant filed his notice of appeal to this court. Then on September 19, 1966, the appellant filed with the lower court his motion for new trial, this being within the ten day period allowed by the trial judge.
 This sequence of events and filings thus leaves this court without jurisdiction to proceed to consider this cause on the merits. An analogous situation was present in State ex rel. Owens v. Pearson, 156 So.2d 4 (Fla.1963). There the notice of appeal was filed and thereafter a timely petition for rehearing was then filed with the lower court. The question presented was whether the timely filing of the petition for rehearing subsequent to the filing of the notice of appeal deprived the appellate court of jurisdiction in the matter. The conclusion of the Supreme Court was that the question should be answered in the affirmative. By a timely filing of a petition for rehearing or motion for new trial the finality of the decree or order is destroyed and thus is not subject to appeal until the petition or motion has been disposed of in the trial court. It is to be noted that the Pearson case went on to determine where jurisdiction is vested when the filing of the documents is done in reverse order from that under consideration here. If the petition for rehearing or motion for new trial is filed and later a notice of appeal is filed then jurisdiction is lodged in the appellate court as the subsequent filing of the notice of appeal is considered as an abandonment of the previously filed petition or motion.
By statute a defendant in a criminal case is given the right to appeal from a final judgment of his conviction. F.S. § 924.06(1), F.S.A. A judgment is not final for purposes of appeal when there has been filed a timely motion for new trial and no disposition has been made thereof. Lee v. State, 128 Fla. 319, 174 So. 589 (1937); Shelby v. State, 155 Fla. 182, 21 So.2d 787 (1944).
Based upon the reasoning and authority set forth above, we herewith dismiss this appeal sua sponte for lack of jurisdiction to proceed in this cause.
WIGGINTON, Acting C. J., and SPECTOR, J., concur.