ON MOTION TO DISMISS
McCAIN, Justice.
On motion by the state we are asked to dismiss as untimely this direct appeal by defendant from a judgment and sentence imposing the death penalty. In the alternative the state asks us to hold that the jurisdiction of this Court has been improvidently invoked and to transfer the case to the First District Court of Appeal.
The record facts in pertinent part are as follows: On April 3, 1970, defendant was adjudicated guilty of first degree murder; on June 16, 1970, sentence of death was entered; on June 19, 1970, defendant filed “Motion to vacate judgment of conviction”, “Motion to vacate sentence of death”, “Motion for rehearing on sentence”, “Motion for leave to withdraw plea of guilty generally”, and “Motion to allow immediate trial”; on July 27, 1970, all motions were denied; and, on August 11, 1970, defendant’s notice of appeal here was filed.
Florida Appellate Rule 6.2, 32 F.S.A. provides that an appeal by a defendant shall be taken within 30 days after the sentence is entered. Unless the time for appeal was tolled, therefore, the last day on which defendant could have filed timely notice of appeal in the instant case was July 16, 1970.
It is argued that the motions filed by defense counsel on June 19, 1970, should be treated collectively as a motion for new trial or in arrest of judgment pursuant to Rule 1.590(a), CrRp, 30 F.S.A. In reviewing this contention, we observe that where a motion for new trial is timely filed, the time within which a defendant is required to take his appeal from the adverse judgment is computed from date of entry of the order denying the motion for new trial, not from the date of entry of the prior judgment. Shelby v. State, 155 Fla. 182, 21 So.2d 787 (Fla.1944).
Assuming arguendo that the June 19 motions may be treated collectively as a motion for new trial or in arrest of judgment, it is necessary to consider whether the motions were timely made. Rule 1.590(a) provides:
“A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time, as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.”
Since the motions in the instant case were made more than two months after the rendition of the verdict of guilt, the date of sentencing must be brought within the intent of the words “finding of the court” to permit us to hold the motions timely.
*754 The question is one of first impression in Florida. Admittedly, considered alone, it would not be unreasonable to conclude that pronouncement of sentence is a finding of the court; however, when the words are read in the context of Rule 1.590 and the Criminal Rides, such a result is less palatable.
We first note Rule 1.630, CrRP, as follows: “The court in its discretion may sentence the defendant either before or after the filing of a motion for new trial or arrest of judgment.” No attempt is made in this rule or elsewhere in the Criminal Rules to correlate the filing of a motion for new trial with the pronouncement of sentence. Even a cursory reading of the quoted language leads to the inescapable conclusion that a motion made pursuant to Rule 1.590(a) is intended to operate independently of time of sentencing.
Moreover, Rules 1.600 and 1.610, CrRP, delineating grounds for new trial or arrest of judgment, are directed to errors going to the validity of the judgment, not the validity of the sentence. Nor is it clear in what way an invalid or excessive sentence alone could be made a predicate for a new trial or arrest of judgment, since the validity of a judgment is not brought into question on a finding of defective sentencing. Bolduc v. United States, 363 F.2d 832 (5 Cir. 1966); Weathers v. State, 56 So.2d 536 (Fla.1952), cert. den. 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692; Washington v. Mayo, 77 So.2d 620 (Fla.1955), cert. den. 350 U.S. 851, 76 S.Ct. 91, 100 L.Ed. 757.
The remedy for defects in sentencing is the modification or setting aside of the sentence, not a new trial on the merits. Rules 1.800 and 1.850, CrRP. Finally, if a defendant can show cause why sentence should not be pronounced he may do so by motion pursuant to Rule 1.720 et seq., CrRP in accord with the specific procedure therein.
This is not to say that the words “finding of the Court” are merely redundant and could be eliminated from the Rule without doing violence to its substance. We conclude instead that finding of the court contemplated by the Rule is the adjudication of guilt by the court in a non-jury trial. That is to say, the finding of the court in a non-jury trial is the equivalent of the rendition of the verdict in a jury trial.
It is therefore our conclusion that defendant’s post-trial motions were not timely made, and did not, under Shelby, supra, toll the time for filing notice of appeal. Thus, appellant has filed an untimely appeal.
However, we cannot but conclude that the actions of defendant’s court-appointed attorney, and therefore “state action” as Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), defines that term, produced this result. As an aside, however, we note that no censure of appellant’s court-appointed attorney is intended by our finding; his actions were clearly inadvertent, since he could not have anticipated our decision on the issue of timeliness.
Accordingly, appellee’s motion to dismiss or transfer is denied and it is ordered that Michael Vincent Costello be and is hereby allowed to proceed with delayed appellate review of the judgment of which he complains. The appellate procedures being otherwise complied with, appellee is hereby directed to file its brief within 20 days following entry of this order. Appellant is directed to file a reply brief, if he desires to do so, in accord with Florida Appellate Rule 3.7(c).
Motion denied.
ROBERTS, C. J., and CARLTON, ADKINS and DEKLE, JJ., concur.