PEARSON, Judge.
The single question to be discussed in this opinion is whether the doctrine of sovereign immunity exists in this State as to causes of action accruing prior to January 1, 1975. We hold that the School Board of Dade County was, on May 25, 1971, immune from an action for negligence allegedly arising out of a failure to provide adequate supervision of a child. We further hold that the trial court erred when it failed to direct a verdict for the School Board when the defense of sovereign immunity was established at trial on January 20, 1974.
The complaint alleged a cause of action against the School Board arising out of the death of an eight year old girl who drowned in Snapper Creek Canal at Dante Fascell Park in South Miami. The child, Jraquetta Scott, was with her second grade class on a field trip to the Parrot Jungle in Dade County, Florida. The class was at the park for the purpose of having a picnic lunch. The plaintiffs, who were the parents of Jraquetta, had given written permission for the child to participate in the extra curricular activity. Jraquetta slipped and fell into a canal which runs through the park. The drowning occurred on May 25, 1971. Suit was filed on April 7, 1972. Fla.Stat. § 768.28, which waives sovereign immunity under certain restricted circumstances, became a law of this State as of January 1, 1975." This statute, which was Florida law 73-313, provided in the section which now appears as § 768.30, that:
“Sections 768.28 and 768.29 shall take effect January 1, 1975, and shall apply only to incidents occurring on or after that date.”[1]
The law of this case is governed by the holdings of the Supreme Court of Florida in Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323 (1925), and Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222 (1948). In Hampton, the Supreme Court held:
“[2,3] ‘The immunity of a state from suit is absolute and unqualified, and the constitutional provision securing it is not to be so construed as to place the state within the reach of the process of the court.’ ”
Further, in Bragg, the Supreme Court held:
“[4] The principle of immunity from tort has been approved by indirection in Sections 9 and 13, Article 12 of the Constitution, wherein the public school fund is detailed and immunized from use for any other purpose. It was also recognized by the Legislature in the passage of Section 234.03, Fla.Stat.1941, F.S.A., requiring County Boards of Public Instruction to carry liability insurance against injury to school children being transported to or from school.”
The plaintiffs make the further argument that because the legislature had by general rule provided for the absence of *52 immunity under the circumstances listed in Fla.Stat. § 768.28, that we should apply that law as of the date of this appeal. Compare Lee v. State, 128 Fla. 319, 174 So. 589 (1937). This argument is erroneous in view of the fact that the law, as it exists as of the date of this appeal, precludes the application of the legislative act to cases arising prior to January 1, 1975. See Fla.Stat. § 768.30 quoted supra.
Having reached the conclusion that reversible error has been demonstrated under appellant’s first point, we do not consider any matters discussed under the other points presented. Accordingly, the judgment appealed is reversed and the cause is remanded to the trial court with directions to enter a judgment for the School Board of Dade County.
Reversed.

. Fla.Stat. § 768.30 now provides:
“Section 768.28 shah take effect on July 1, 1974, for the executive departments of the state and on January 1, 1975, for all other agencies and subdivisions of the state, and shall apply only to incidents occurring on or after those dates.” S. 4, ch. 73-313; S. 3, ch. 74-235.