867 So.2d 414 (2003)
The STATE of Florida, Petitioner,
v.
Alexander JAMES, Respondent.
No. 3D03-2143.
District Court of Appeal of Florida, Third District.
December 17, 2003.
Rehearing and Rehearing Denied March 10, 2004.
*415 Charles J. Crist, Jr., Attorney General and Erin K. Zack, Assistant Attorney General, for petitioner.
David Michael Tarlow, for respondent.
Before LEVY, GREEN, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied March 10, 2004.
GREEN, J.
The State of Florida has brought this petition for issuance of a writ of certiorari seeking to quash an order of the trial court determining that the respondent/defendant, Alexander James, is entitled to utilize a "castle doctrine" defense and concomitant jury instruction at his upcoming trial for second degree murder. At issue is whether James, who was a social guest or visitor in the home of another at the time of his alleged commission of second degree murder, is entitled to the "castle doctrine" privilege and jury instruction. We conclude that he is not and for the reasons which follow, grant the petition and quash the circuit court's order under review.
Respondent James had been acquainted with a woman named Semantha Beal[1] for approximately one week before he came to her apartment on the morning of April 17, 1997. The respondent had been to Beal's apartment once before to assist her in putting together a bed frame. The respondent and Beal had agreed that on April 17 they would travel together from Beal's apartment to the residence of Beal's mother so that James could perform some electrical work there. When James arrived at Beal's apartment, Beal answered the door wearing a black negligee and invited him inside. They engaged in consensual sex and later showered together.
Shortly thereafter, the victim, Larry Ferguson, Beal's allegedly abusive ex-boyfriend, showed up at Beal's apartment. Beal went to the front door and told the victim to leave because she had a boyfriend in her apartment. Beal and the respondent thereafter got dressed to leave.
As Beal and the respondent were exiting the apartment, they spotted the victim who was still waiting outside. The victim grabbed Beal and began to choke her. The respondent intervened to prevent the victim from hurting her. The three ended *416 up back in the apartment. Once there, the respondent and the victim continued to struggle and Beal was able to flee her apartment to telephone for help.[2]
During the struggle between the respondent and the victim, a gun and the victim's cellular telephone fell to the floor. The respondent picked up the gun and the victim fled into the bedroom. Beal testified during her deposition that as she was running back to her apartment, she saw the respondent standing in the entrance door to the apartment with his back facing her. The respondent extended his right arm up in front of himself and fired a shot through the partially closed bedroom door. The bullet hit the victim in the chest at a downward angle. The victim died a few days later and the respondent was charged with second degree murder.
Prior to jury selection, the state moved in limine to prevent the respondent from arguing that he had no duty to retreat from the apartment prior to resorting to deadly force under the "castle doctrine." The trial court denied the motion, ruling that the respondent, as a guest or invitee, had a greater right to be in the apartment than the victim as a trespasser.[3] The state now seeks the issuance of a writ of certiorari quashing this order. We grant the petition.
Both Florida statutory and common law permit the use of deadly force in self-defense if a person reasonably believes that such force is necessary to prevent imminent death or great bodily harm. Weiand v. State, 732 So.2d 1044, 1049 (Fla. 1999). Specifically, section 776.012, Florida Statutes (1995), provides that "a person... is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony." Even under these circumstances, there is still a Florida common law duty to use every reasonable means to avoid the danger, including retreat, prior to using deadly force. Weiand, 732 So.2d at 1049.
The "duty to retreat" rule has an exception, known as the "castle doctrine," which espouses that one is not required to retreat from one's residence, or one's "castle," before using deadly force in self-defense, so long as the deadly force is necessary to prevent death or great bodily harm. Id. Florida courts have defined the castle doctrine as a privilege one enjoys in one's own dwelling place. The Florida Supreme Court has said:

when one is violently assaulted in his own house or immediately surrounding premises, he is not obliged to retreat but may stand his ground and use such force as prudence and caution would dictate as necessary to avoid death or great bodily harm. When in his home he has "retreated to the wall." ... [A] man is under no duty to retreat when attacked in his own home. His home is his ultimate sanctuary.
Id. at 1050 (quoting Hedges v. State, 172 So.2d 824, 827 (Fla.1965)). See also Alday v. State, 57 So.2d 333, 333 (Fla.1952) ("The law authorizes one whose home is assaulted without lawful authority to use such force as is necessary to repel the assailant."); *417 Russell v. State, 61 Fla. 50, 54 So. 360, 361 (1911) ("One attacked in his home need not retreat, and he may use all necessary force to eject the intruder, whom he may kill in doing it, if this extreme measure appears unavoidable."); but see Williamson v. State, 101 Fla. 1219, 133 So. 109, 110 (1931)(denying castle doctrine protection to defendant for homicide committed in residence from which defendant had moved). The castle doctrine privilege of non-retreat is "equally available to all those lawfully residing in the premises, provided, of course, that the use of deadly force was necessary to prevent death or great bodily harm." Weiand, 732 So.2d at 1057.
We have further extended the "castle doctrine" privilege to employees in their place of employment, while lawfully engaged in their occupations. See Redondo v. State, 380 So.2d 1107, 1108 (Fla. 3d DCA 1980)(finding employee of convenience store entitled to non-retreat instruction when attacked at his place of business); State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979)(holding manager of store not obligated to retreat when attacked in or immediately adjacent to store). But see Frazier v. State, 681 So.2d 824, 825 (Fla. 2d DCA 1996)(agreeing that castle doctrine protects a worker in the workplace but making an exception where the aggressor was a co-worker). To date, this has been the only extension of the "castle doctrine" protection to a person not attacked in his or her own dwelling or residence.
The issue before us comes down to whether the castle doctrine privilege should be further extended to a temporary visitor or guest, since the respondent was not a resident of the apartment at the time of the alleged incident. We think that a further extension of the "castle doctrine" privilege to include a temporary social guest or visitor must be weighed against the underlying policy consideration of the "duty to retreat" rule as enunciated by Justice Overton's dissenting opinion in State v. Bobbitt, 415 So.2d 724, 728 (Fla. 1982) (Overton, J., dissenting), and later adopted by the Supreme Court in Weiand, 732 So.2d at 1051: "[h]uman life is precious, and deadly combat should be avoided if at all possible when imminent danger to oneself can be avoided." Bobbitt, 415 So.2d at 728. Weiand, 732 So.2d at 1051. We believe that an overly broad extension of the castle doctrine would vitiate the retreat rule. The more places there are where one has castle doctrine protection, the fewer places there would be from which one has a duty to retreat. As the state insightfully observes, granting castle doctrine protection to a social guest or visitor would necessarily grant the guest or visitor innumerable castles wherever he or she is authorized to visit. That, in turn, would expand the privilege of non-retreat and encourage the use of deadly force. We agree and, therefore, decline to extend the "castle doctrine" privilege to a temporary social guest or visitor in the home of another.
The Florida Supreme Court has said that "the privilege of non-retreat from the home stems not from the sanctity of property rights, but from the time-honored principle that the home is the ultimate sanctuary." Weiand, 732 So.2d at 1052. In the instant case, although the respondent was temporarily present in the apartment with its owner's permission and had a right to be there as found by the trial court, this apartment could not, under the facts of this case, be deemed the respondent's ultimate sanctuary. Thus, given the respondent's status as a temporary social guest or visitor at the time of the alleged incident, he is not entitled to the use of a "castle doctrine" defense or jury instruction at his trial for second degree murder. *418 We therefore grant the petition and quash the order under review.
Petition for certiorari granted and case is remanded for further proceedings consistent with this opinion.
NOTES
[1] At the time of the incident, Ms. Beal's legal name was Semantha Sweeting; she later married someone other than the respondent.
[2] Beal had no telephone in her apartment.
[3] The trial court reasoned that because the respondent had a consensual sexual liaison with the apartment's owner, he should be afforded the castle doctrine privilege. ("I expect home to be where you hang your hat and in this case, as I understand it, the defendant was doing more than hanging his hat; he was hanging his pants. So, I think he has the right to the same kind of protection in that home.").