927 So.2d 1000 (2006)
STATE of Florida, Petitioner,
v.
Robert Lee SMILEY, Jr., Respondent.
No. 4D06-479.
District Court of Appeal of Florida, Fourth District.
April 12, 2006.
Rehearing Denied June 1, 2006.
*1001 Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for petitioner.
Carey Haughwout, Public Defender, West Palm Beach, for respondent.
WARNER, J.
The Legislature enacted section 776.013, Florida Statutes, effective October 1, 2005, to provide for an expanded right of self-defense for individuals. It eliminates the duty to retreat found under Florida common law. Thereafter, in preparation for the first degree murder trial of respondent, Robert Smiley, the court granted his motion for special jury instructions incorporating these statutory changes in the law of self-defense, even though Smiley's offense pre-dated the effective date of the statute. The state petitions for writ of certiorari, contending that the court departed from the essential requirements of law in that the act's provisions cannot be applied retroactively. We agree with the state that section 776.013 cannot be applied to crimes committed prior to its effective date.
Robert Smiley was charged with first degree premeditated murder occurring on November 6, 2004. What little appears in the record before us is that Smiley shot the victim who was an occupant of Smiley's cab. Smiley appears to be making a claim of self-defense. Just before trial, Smiley filed a motion to permit the use of two special jury instructions based upon the newly enacted section 776.013. Those proposed instructions are:
A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he reasonable [sic] believes it is necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.
A person who unlawfully and by force enters or attempts to enter a person's occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or violence.
The state objected, contending that section 776.013, being a substantive change in the law, should not be applied retroactively to incidents occurring prior to its passage. The trial court concluded, however, that the statute was remedial and should have retroactive application. It therefore granted Smiley's request.
The state filed this petition for writ of certiorari seeking to quash the order of the trial court permitting the jury instructions. We conclude that we have jurisdiction, as the order permitting this expanded self-defense instruction is highly prejudicial to the state's presentation of its case and would evade review should Smiley be acquitted at a trial where this instruction is given. See State v. Pettis, 520 So.2d 250 (Fla.1988); State v. James, 867 So.2d 414 (Fla. 3d DCA 2003) (granting certiorari review and quashing order of trial court allowing social guest to use "castle doctrine" self-defense instruction at trial).
Although statutory law allowed a person to use deadly force when necessary to prevent imminent harm to him or herself or to another person, or to prevent the imminent commission of a forcible felony, see section 776.012, Florida common law required a duty to retreat "to the wall" in most cases. See Weiand v. State, 732 So.2d 1044, 1049 (Fla.1999); Pell v. State, 97 Fla. 650, 122 So. 110 (1929). The notable exception to the duty to retreat was *1002 the castle doctrine, which did not require a person to retreat when attacked in his or her home. See Weiand. There were exceptions to the castle doctrine. It did not apply to visitors or guests who were attacked by a third person in the home. See State v. James, 867 So.2d 414 (Fla. 3d DCA 2003). Until the court in Weiand receded from State v. Bobbitt, 415 So.2d 724 (Fla.1982), the exception did not protect a co-occupant of a home against an attack by the other co-occupant. In Weiand, the court noted that a majority of jurisdictions did not require the duty to retreat before a person threatened with death or with great bodily harm could use deadly force. Id. at 1049 n. 4. Thus, prior to the legislative enactment, a person was required to "retreat to the wall" before exercising his or her right of self-defense by using deadly force when faced with an attack posing the danger of death or great bodily harm or a forcible felony, except when attacked in his or her own home. Even in the home, the right to use deadly force was not without its limitations.
The Legislature passed Chapter 2005-27 as, "An act relating to the protection of persons and property" to provide for an expanded right of self-defense under Florida law. Its provisions permit a person to use deadly force when a person is attacked in his or her home, as a guest in a home or temporary lodging, or when occupying a motor vehicle, in situations where an intruder is unlawfully and forcibly entering or has entered the residence or vehicle. It abolished the common law duty to retreat when a person uses deadly force in self-defense, if that force is reasonably necessary to prevent imminent great bodily harm or death. It created presumptions to assure that no person would be criminally or civilly liable for the use of such force in compliance with the statutory terms. The Legislature provided for a specific effective date: "Section 5. This act shall take effect October 1, 2005."
In determining whether this statute may be retroactively applied to a crime committed prior to its effective date, we simply follow well-established principles which were recently summarized in Metropolitan Dade County v. Chase Federal Housing Corp., 737 So.2d 494 (Fla.1999):
Two interrelated inquiries arise when determining whether statutes should be retroactively applied. The first inquiry is one of statutory construction: whether there is clear evidence of legislative intent to apply the statute retrospectively. If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible.
At the outset, it should be noted that: "A statute does not operate `retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment .... Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." The general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively. Thus, if a statute attaches new legal consequences to events completed before its enactment, the courts will not apply the statute to pending cases, absent clear legislative intent favoring retroactive application.
Id. at 499 (citations omitted). Here, it is clear that the statute attaches new legal consequences to events completed before the enactment of section 776.013 and amendment to section 776.012. Because the incident in question occurred in Smiley's vehicle, Smiley would have had a duty to retreat prior to the use of deadly force against the victim. After the enactment of the new law, Smiley would have had no *1003 duty to retreat. This change would substantially affect the legal consequences attached to Smiley's conduct.
The legislation provides an effective date of October 1, 2005. Nothing in the legislation indicates an intent to apply the abrogation of the common law retroactively. Indeed, if it did it would run afoul of article X, section 9 of the Florida Constitution, which provides:
Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.
In Raines v. State, 42 Fla. 141, 28 So. 57, 58 (1900), the court explained:
The effect of this constitutional provision is to give to all criminal legislation a prospective effectiveness; that is to say, the repeal or amendment, by subsequent legislation, of a pre-existing criminal statute does not become effective, either as a repeal or as an amendment of such pre-existing statute, in so far as offenses are concerned that have been already committed prior to the taking effect of such repealing or amending law.
See also Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002). Although procedural changes in criminal law may escape the reach of article X, section 9, see Lee v. State, 128 Fla. 319, 174 So. 589 (1937), a substantive change in a statute may be applied only prospectively. Here, the legislative enactment made a substantive change in section 776.012, eliminating any duty to retreat under certain enumerated circumstances, which include the circumstances in this case. Thus, it would violate the constitutional provision to apply it retrospectively. See, e.g., Norman v. State, 826 So.2d 440 (holding that a change of an element of an offense could not be applied retroactively to a crime committed prior to the statute's enactment).
Smiley argues that the statute is remedial, because it provides for a greater right of self-defense. However, remedial statutes are those governing procedures which do not create new rights or impair vested rights, but instead operate in furtherance of the remedy or confirmation of rights already existing. City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961); Cunningham v. State Plant Bd. of Fla., 112 So.2d 905 (Fla. 2nd DCA 1959). Because on the facts of this case a person did not have a right of self-defense without the duty to retreat under the common law, the statute created a new right not existing before the statute's passage. Thus, it is not remedial in the sense that it may be applied retroactively to events occurring prior to its enactment.
For these reasons, we grant the petition and quash the order of the trial court. Smiley is not entitled to jury instructions based upon the expanded right of self-defense contained in sections 776.012 and 776.013.
FARMER and KLEIN, JJ., concur.